PERRY, administrator, vs. ROBINSON.

Where a tenant in common mortgaged his undivided interest in land to secure a debt, and subsequently an agreed division was made, and his portion set apart to him in severalty, the mortgagee could assent to such division, elect to proceed against the portion so set apart to the mortgagor, instead of against his undivided interest, and with proper allegations could foreclose the mortgage on the same.

October 10, 1882.

Contracts.  Actions.   Mortgage.   Before Judge HOOD. Early Superior Court.   April Term, 1882.

Reported in the decision.

R. H. POWELL, by brief, for plaintiff in error.

E. C. BOWER, by brief, for defendant.

CRAWFORD, Justice.

John W. Cowdry, as an heir at law of W. D. Cowdry, was the owner of one-sixth undivided interest in eight hundred and fifty acres of land, which he mortgaged to B. H. Robinson to secure the payment of a promissory note. After the making of the note and mortgage, a division took place between the heirs of the said W. D. Cowdry, and one hundred and thirty-one acres of the land were drawn by the said J. W. Cowdry, set apart to him, and he went into possession thereof.

The promissory note remaining unpaid, Robinson proceeded to foreclose his mortgage on the particular land drawn by, and in the possession of, the mortgagor, making

all the necessary allegations in his petition and rule *nisi* to show the facts herein stated, and also to show that he had agreed to the said division, and had elected to ask a foreclosure on the divided, instead of the one-sixth undivided, interest.

The defendant demurred to the proceeding, upon the ground that the plaintiff's mortgage, being on an undivided sixth interest in the land, could not be foreclosed on that part of it which had been divided and set apart to J. W. Cowdry.

The judge overruled the demurrer, and we are asked to reverse that decision. The ruling of the judge we hold to be the law of the case. The mortgage conveyed to Robinson Cowdry's one-sixth undivided and unascertained interest in the land; before the payment of the debt, this sixth interest had been fixed and ascertained; the mortgage was only a security for the debt, and left the title in the mortgagor. That his undivided interest was under mortgage, did not deny him the right of dividing and fixing his interest in the land, subject to the rights of the mortgagee under his mortgage, and had he paid off the debt, no one could have questioned his rights therein.

If, then, there was a division, and he accepted it, and the mortgagee was also satisfied therewith, we see no reason why he might not, with proper pleadings, foreclose his mortgage on this particular land. And especially so, as our common law proceeding to foreclose is but a substitute for the proceeding in equity. In this case, all the facts are as clearly and distinctly set forth as they would have been in equity, and the difference between the petition, rules *nisi* and absolute, and a bill in equity filed for the same purpose, would consist more in form than substance.

Against the ruling of the court the plaintiff in error cites as authority the case of *Gunn vs. Wades*, 65 *Ga.*, 537. In that case, not only was the mortgage on an undivided interest, but so also was the foreclosure, sale and purchase.

Hence the purchaser could only take that which he bought, and become a tenant in common with the other owners, seised of the land *per my et per tout.* This, and no more than this, was the full measure of his rights under his purchase. In this case, whilst it is true that the mortgage was upon an undivided interest, this, in substance and law, was an equitable proceeding to reach and sell the divided interest, in the way of which we see no legal difficulty.

Judgment affirmed.