## DAYE *v.* DREW.

HINES, J. 1. A father loses parental control of his child by his failure "to provide necessaries for his child." Civil Code (1910), § 3021.

2. A father was convicted of crime in the State of Florida, and was sentenced to involuntary servitude in the penitentiary of that State, in consequence of which he was unable to support and maintain his minor child. Being left with this child under these circumstances, the mother expressly in writing gave it to the respondent, who took it at the age of two and a half years, and had maintained and supported it until it had reached the age of nine years or more. Under the evidence the trial judge was authorized to find that in 1920 the father became aware of the gift of the child by the mother to the respondent, and there-

after acquiesced in such gift, and permitted the respondent 'to keep possession of the child, and to support, maintain, and educate it until September, 1923, when he sued out habeas corpus proceedings to recover custody of the child; the father in the meantime contributing but little to its support. *Held,* that the trial judge did not abuse his discretion in awarding the custody of the child to the respondent. *Janes* v. *Cleghorn,* 54 *Ga.* 9; *Bently* v. *Terry,* 59 *Ga.* 555 (27 Am. R. 399); *Smith* v. *Bragg,* 68 *Ga.* 650; *Stroup* v. *Chase,* 94 *Ga.* 410 (20 S. E. 418); *Lamar* v. *Harris,* 117 *Ga.* 993 (44 S. E. 866); *Booth* v. *Pitts,* 154 *Ga.* 679 (115 S. E. 112); *Manning* v. *Crawford,* 8 *Ga. App.* 835 (70 S. E. 959). *Judgment affirmed. All the Justices concur.*

No. 4025. APRIL 30, 1924.

Habeas corpus. Before Judge Hammond. City court of Thomasville. October 3, 1923.

*Titus & Dekle,* for plaintiff.

*D. Roy Hay* and *J. M. Austin,* for defendant.