*Zack Arnold, H. A. Wilkinson,* and *James W. Harris,* contra.

---

### AWTREY *v.* AWTREY.

HINES, J. 1. Where, upon the trial of a habeas-corpus case, brought by the mother for the custody of her minor son, the defendant offered in evidence a judgment of the juvenile court of Knoxville, Tennessee, which placed such minor child in the care and custody of his uncle, and the wife of the latter, at LaGrange, in this State, and to the introduction of this judgment the plaintiff objected upon the ground that it was not accompanied by all the proceedings in the case in which it was rendered, which objection was overruled and said judgment was admitted in evidence, but where no exception is taken to, and no assignment of error is laid on, the judgment of the court admitting such evidence, in the bill of exceptions in this case, no question is presented for decision by this court as to the correctness of the judgment admitting such evidence.

2. While the judge, upon the hearing of a writ of habeas corpus for the

Appeal and Error, 3 C. J. p. 912, n. 95; p. 1336, n. 7.

Habeas Corpus, 29 C. J. p. 111, n. 37; p. 194, n. 47, 48.

Parent and Child, 29 Cyc. p. 1587, n. 42, 44, 45; p. 1594, n. 85; p. 1604, n. 60, 72; p. 1605, n. 73.

custody of a child, is vested with a discretion in determining to whom its custody shall be given, such discretion should be governed by the rules of law, and be exercised in favor of the party having the legal right, unless the evidence shows that the interest and welfare of the child justify the judge in awarding its custody to another. *Miller* v. *Wallace,* 76 *Ga.* 479 (2 Am. St. R. 48); *Monk* v. *McDaniel,* 116 *Ga.* 108 (42 S. E. 360); *Sloan* v. *Jones,* 130 *Ga.* 836 (62 S. E. 21).

3. On the hearing of a writ of habeas corpus, brought by a mother on account of the detention of her minor son, she is not entitled, as a matter of right, to its custody, if it appears that the best interest of the child requires that its custody shall be given to another; and the determination of what is for the best interest of the child is a matter resting in the discretion of the trial court, under all the facts, and not in the reviewing court. *Smith* v. *Bragg,* 69 *Ga.* 650; *Miller* v. *Wallace, Sloan* v. *Jones,* supra; *Daye* v. *Drew,* 158 *Ga.* 233 (122 S. E. 878).

4. Where a mother and her two minor children were abandoned by the father, who contributed nothing to the support of his wife and children, and where the mother, being without property and incapable of supporting herself and children, made application to the juvenile court of Knox County, Tennessee, for an order to compel the father to contribute to the support of the children, and such court took jurisdiction of the persons of said children and placed them in the care and custody of certain persons in that State, and passed an order requiring the father to pay such persons $50 per month for the support of the children, with which order the father complied until that court later passed an order authorizing the father to remove the son, the subject-matter of the present controversy, from his custodians in Tennessee and to place this son with the father's brother and the wife of the latter, at LaGrange, Georgia, which was done, and where upon the death of the father's brother this son continued in the care and custody of his aunt by marriage, who is financially able and in every way morally fit to take care of this child, and where this son is being given by his aunt proper moral and educational training, and where the mother now has the other child in an Episcopal orphanage where she pays his board and supports him, and where the mother has no fixed place of abode but is the traveling representative of a corporation, which takes her from place to place throughout the country, and where she is seeking the custody of the child, the subject-matter of this proceeding, for the purpose of placing and supporting him at the home where she now has her other child, and where the mother can not give her personal care and attention to this son, except upon intervals between trips made in the interest of her employer, and where this son, now nine years of age, testified that, while he loved his mother, he desired to remain in the custody of his foster parent, and where the father of the child contributes to his support and wishes him to remain with this aunt, we can not say that the trial judge abused his discretion in leaving the care and custody of this son with his aunt, with whom he was placed by his father under the judgment of said juvenile court, and that the material, moral, and mental interests of the child will not be best subserved by leaving him where

he is, such interest of the child being the chief concern in a habeas-corpus proceeding.      *Judgment affirmed. All the Justices concur.*

No. 5567. APRIL 13, 1927.

Habeas corpus. Before Judge Tuggle. City court of LaGrange. June 25, 1926.

*L. B. Wyatt,* for plaintiff. *Henry Reeves,* for defendant.