23807. ROGERS et al. v. SMITH, Director of Welfare of Colquitt County.

Argued December 12, 1966—Decided January 5, 1967.

842

*Edward Parrish,* for appellants.

*Sam J. Gardner, Jr.,* for appellee.

Cook, Justice. In the brief of counsel for the appellant it is stated that he "insists that the only question for adjudication is whether the change in circumstances of Levada Rogers is sufficient to remove this case from within the scope of the adjudication of the former cases."

The general rules as to the conclusiveness of judgments apply in habeas corpus proceedings for the custody of a minor child or children, unless a change of circumstances is alleged materially affecting the welfare of the child or children. *Kirkland v. Canty*, 122 Ga. 261 (50 SE 90). *Code* §§ 30-127 and 74-107, dealing with the custody of minor children between parents, were amended by Ga. L. 1957, pp. 412-414, by the addition, after the provision that the court might consider all the circumstances, the words, "including the improvement of the health of the party seeking a change in custody provisions." Since the petitioners in the present case allege only that they are "the foster parents" of the minor child whose custody they seek, the provisions of the 1957 Act are not applicable to them.

The only allegation of the petition asserting a change of circumstances concerns the improvement in health of one of the petitioners, and this allegation by a person not a parent of the child does not show a change of circumstances material to the welfare of the minor child which will prevent the bar of res judicata by the previous adjudications. The trial judge therefore properly sustained the plea of res judicata and dismissed the petition.

Since the only issue dealt with by the trial judge was that made by the plea of res judicata, no question was made by this appeal as to the sufficiency of the petition to show any right in the petitioners, alleging only that they are "foster parents," to bring a petition for habeas corpus to obtain the custody of a minor child.

*Judgment affirmed. All the Justices concur.*