24052. FORT v. ALEWINE et al.

Submitted May 8, 1967—Decided May 18, 1967.

McGahee & Plunkett, Keith W. Benning, for appellant.

Max Rubenstein, Franklin H. Pierce, for appellees.

MOBLEY, Justice. Mrs. Ruth R. Fort brought a petition for habeas corpus against James Albert Alewine and Doris Alewine, alleging that they were illegally detaining James Paul Fort, a minor child. She alleged that she was entitled to custody of the minor child by virtue of a final order of adoption, that the respondents are the natural parents of the minor, but prior to the final decree of adoption they consented in writing to his adoption by the petitioner and her husband, James R. Fort, thereby waiving all parental control. The respondents in their answer admitted that the final decree of adoption had been entered, but asserted that the order was against the will of the minor and the respondents, was rendered without due notice to the parties at interest, and that it is detrimental to the best interest and welfare of the minor child (formerly Jimmy Alewine). They prayed that the final order of adoption be set aside and declared null and void, and that custody and control of their son be awarded to them.

The trial judge entered an order as follows: "After hearing the evidence and arguments of counsel in the above stated case. It is considered, ordered and adjudged that the defendants, James Albert Alewine and Doris Alewine are the natural parents of Jimmy Alewine, and it is for the best interest, happiness and welfare of said minor child that his custody be, and is hereby placed with said natural parents, James Albert Alewine and Doris Alewine." The appeal is from this order.

1. In the enumeration of errors it is asserted that it was error to allow the appellees (the natural parents of the minor child) to collaterally attack the final order of adoption, which was valid on its face. A direct attack was made on this order by the answer of the appellees. Compare *Beavers v. Williams*, 199 Ga. 113 (2) (33 SE2d 343). However, the trial judge in his order in the habeas corpus proceeding did not set aside the adoption order. The adoption order must, therefore, be considered as a valid order, and the appellant is legally entitled to the

custody of the minor child unless the trial judge, in the exercise of his discretion, was justified in awarding custody to the appellees.

2. Since the controversy as to the custody of the minor child is not between the parents, the applicable law is *Code* § 50-121, which provides that in "all writs of habeas corpus sued out on account of the detention of a wife or child, the court, on hearing all the facts, may exercise his discretion as to whom the custody of such wife or child shall be given, and shall have power to give such custody of a child to a third person." "*Code* § 50-121 is not arbitrary, but should be exercised in favor of the party having the legal right unless the interest and welfare of the child justifies an award to another." *Day v. Hatton*, 210 Ga. 749 (2) (83 SE2d 6); *Shope v. Singleton*, 196 Ga. 506 (2) (27 SE2d 26).

The minor child in the present case was fifteen years old at the time of the hearing. From the evidence it appears that: His natural parents have been separated several times for considerable periods of time. His father is disabled, does not work, has a problem with alcohol, and contributes nothing materially to the care and direction of the children. The child, and the other three children in the family, lived for some time in a children's home. His mother is unable to control him. When he first lived with the adoptive parents it was because he had run away from home, and the parents placed him in the custody of the adoptive parents in the hope that he might attend school while living with them. He did attend school and made average grades. His adoptive parents loved him, were anxious to help him, worked with him, disciplined him, and made him go to school. The evidence shows without question that he needs discipline, and requires strong control and direction, which his natural parents have never provided, but which his adoptive parents have sought to provide. The parents gave their written consent to his adoption. At the time of the hearing he had run away from the home of the adoptive parents and was in the home of his natural parents.

The natural parents do not question the fitness of the adoptive parents to have custody of the minor child, and the only

witness for the parents who was not involved in the controversy did not question their fitness. The only testimony derogatory of the adoptive parents was that of the minor child who testified that the adoptive mother curses and uses vulgar language, gives him beer to drink, allows him to smoke, and has hit him over the head with a broom handle. This testimony was denied by the adoptive mother. On the hearing the child stated that he wishes to live with his natural parents, but he admitted that he had previously signed a written consent to the adoption proceedings.

The amendment to *Code Ann.* § 74-107 (Ga. L. 1962, pp. 713, 715), which gives a child who has reached the age of fourteen years the right to select the parent with whom he desires to live, unless such parent is not a fit and proper person to have custody of him, applies only where the custody of a minor child is in controversy between the parents. Compare *Rogers v. Smith,* 222 Ga. 841, 843 (152 SE2d 859). It is the general rule in habeas corpus proceedings that the wish of a minor fourteen years of age, or older, in regard to his custody, is entitled to due consideration, but it is not in all circumstances necessarily controlling. *Brown v. Harden,* 150 Ga. 99 (1b) (102 SE 864). The minor in the present case seemed to have no firm wish as to the place he wanted to live. His testimony at the time of the hearing that he was dissatisfied with the home of his adoptive parents, and wanted to live with his natural parents, should not be controlling under the evidence in the case.

There was no substantial evidence that the adoptive parents were not fit and proper custodians of the minor child, and the trial judge was not authorized to find that it was to the best interest and welfare of the child to return him to his natural parents. *Saxon v. Brantley,* 174 Ga. 641 (163 SE 504).

*Judgment reversed. All the Justices concur. Duckworth, C. J., Almand, P. J., and Nichols, Undercofler and Frankum, JJ., concur in the judgment but not in all that is stated in the opinion.*