24552.  JAMES v. BOWEN et al.

SUBMITTED MARCH 13, 1968—DECIDED APRIL 8, 1968—
REHEARING DENIED APRIL 22, 1968.

*Charlie Franco,* for appellant.
*Alex McLennan,* for appellees.

MOBLEY, Justice.   The appeal is from a judgment denying the writ of habeas corpus in a proceeding brought by the natural and adoptive father of a two-year old child, seeking its custody, as against the natural mother.   The child was born out of wedlock to the parties.   Thereafter the father married, and he and his wife adopted the child, with the consent of, and release from, its mother.   Later the father and his wife separated, the father leaving the child with her.   She took the child to its natural mother, who had married.   The natural mother and her husband filed adoption proceedings for the child.   The father thereafter made demand for possession of the child, which its mother refused.   The father then brought the petition for habeas corpus.

This is a controversy over custody of a child born out of wedlock, between the mother, who has lost her parental right by reason of having consented to its adoption, and the father, who, by adoption of the child, is vested with parental power or right to the child.   The mother's contention is that the father has lost his parental right by failure to provide necessaries for, and abandonment of, the child under *Code* § 74-108 (3); also, that

he is an unfit person to have custody, and that she is a fit and proper person to have the child.

The evidence would not support a finding that the father has lost his parental right to the child by abandonment or failure to provide necessaries. He and his wife separated about Thanksgiving of 1967. The child remained with his wife until about three weeks before the hearing on January 26, 1968, when his wife took it to its natural mother and her husband, who have had possession of it since that time. When the father returned home in January 1968, he learned that the child was with its natural mother, and demanded its return, which was denied. It is undisputed that the father sent money to his wife for her support and the support of the child during the two months' period he was away after his separation from his wife. The amount testified to varied from $100 to $200. There is no evidence that he intended to, or did, abandon the child, and the evidence that he did contribute to the support of the child during that period would indicate that he did not abandon, or intend to abandon, the child.

As to the fitness of the father to have custody of the child, his wife testified that he supported the child and made it a good father while they lived together. His plans are that his mother will keep and look after the child for him, if he is given custody, and that he will live in an apartment with them. His mother has had the care of the child during much of its life. The testimony indicates that the lives of all the parties involved, the child's father, its natural mother, its adopted mother, and its grandmother, are unsavory in some respects, and to a greater degree in some than in others; but it appears that its grandmother, who will have the care of the child for its father, loves the child and has done more for it than any other person.

The father having the legal right to the child, and it not having been shown that he is an unfit person to have custody, the trial court erred in denying the grant of the writ of habeas corpus. See *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388); *Fort v. Alewine,* 223 Ga. 359 (155 SE2d 12).

*Judgment reversed. All the Justices concur. Duckworth, C. J., Almand, P. J., Nichols, Undercofler, and Frankum, JJ., concur only in the judgment.*