## 34726. HARBIN et al. v. SANDLIN.

Bowles, Justice.

The appellee-mother filed a petition for writ of habeas corpus, alleging that she was the natural mother of Emmett Marlin Harbin, III, a minor child; that she was granted custody of said child pursuant to a decree of divorce entered in Jefferson County, Alabama on

November 21, 1972; and that the child's paternal grandparents, appellants herein, were illegally restraining the child. She prayed for the return of her minor son.

The trial court, hearing evidence, found that appellee had, by contract, granted temporary custody to the appellants, but had never intended to give or relinquish outright and complete custody of the child. The contract provided that appellants were to have custody for as long as it served the child's best interest. This granted only temporary custody to appellants, and did not preclude appellee from regaining custody. The trial court found that appellee was a proper parent, had not abandoned her child, and was entitled to the return of her minor child. It ordered custody of the minor child be delivered to appellee. *Held:*

We have reviewed the record and find evidence to support the judgment of the trial court. The agreement entered into by the parties did not provide that appellee was to relinquish all parental rights to her child. To effect a relinquishment of parental rights by contract, the terms of the contract should be certain and definite. *Jackson v. Martin,* 225 Ga. 170 (1) (167 SE2d 135) (1969). The judgment of the Alabama court vested exclusive custody of the minor child in appellee. No evidence presented showed that appellee lost or relinquished custody of the child.

The trial court found appellee was a fit parent. The judgment of the trial court on this issue is conclusive and will not be disturbed on appeal, unless the evidence demands a contrary finding. *Hardy v. Hardee,* 225 Ga. 585 (2) (170 SE2d 417) (1969).

It cannot be said that the trial court abused its discretion in ordering custody be returned to appellee. Therefore, we affirm the judgment. Code Ann. § 50-121; *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974); *White v. Bryan,* 236 Ga. 349 (223 SE2d 710) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 23, 1979 — DECIDED MAY 30, 1979.

*Duffey & Sawhill, Harl C. Duffey, Jr.,* for appellants.
*C. Ronald Patton,* for appellee.