59913. LEWIS v. LEWIS et al.
59914. CARVALHO v. LEWIS et al.

DEEN, Chief Judge.

1. This complaint for change of custody of two minor children subsequent to a divorce between the parents procedurally substitutes for the former "complaint in the nature of habeas corpus." Code Ann. § 24-304b (d). It places jurisdiction of the appeal in this court and eliminates in the trial court the hearing of complaints in the nature of habeas corpus for this purpose. *Munday v. Munday,* 243 Ga. 863 (257 SE2d 282) (1978). We do not apprehend, however, that the body of Georgia law relative to the hearing and deciding of cases involving child custody not contemporaneous with bills for divorce has been significantly affected insofar as the substantive law involving custody of minors is concerned. We accordingly consider the questions involved here, chief among which is the amount of discretion inherent in the trial judge hearing the case, in the light of the current body of law, including Supreme Court cases in the nature of petitions for habeas corpus.

2. The parents of the two minor children here involved were divorced in Nevada in July, 1976, and by consent permanent custody was placed in the mother, Geraldine Lewis, now Carvalho. After remaining in Nevada for a few months Ms. Carvalho took the children to her parents' home in Massachusetts and, toward the end of the year, removed with them to the home of Betty Lewis, the paternal aunt in Gwinnett County, Georgia. The mother had no employment or permanent place to stay; the aunt, who already had

two roommates, had originally given consent to the family temporarily staying with her but eventually requested that Ms. Carvalho leave, although she consented to allow the children to remain with her. The mother left, after giving consent to temporary custody in the aunt by letter, and returned to her parents' home. Ms. Lewis subsequently purchased a house jointly with another woman in order to have more room for the children. Each now has his own room; their care has been exemplary according both to testimony offered and a report of the Family and Children Services. They do well in school, have made friends here, prefer to remain with their aunt, frequently see their grandparents and other relatives who live in Gwinnett County, and are legally in the custody of the aunt under two Gwinnett County judicial orders granting temporary custody, the latter after a full scale hearing in which both parents appeared and the father supported his sister's petition for custody, over the mother's objection. No appeal was taken from these orders.

The present action for permanent custody was brought by the father in 1979 and opposed by both the temporary custodian and the mother, the latter seeking to regain custody in herself. From the decision of the trial court awarding permanent custody to the aunt the parents file their separate appeals.

3. "It is now well established that *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974) and its progeny are the modern focal authorities for judging change of custody awards in Georgia." *Bisno v. Bisno,* 238 Ga. 328 (232 SE2d 921) (1977). *Robinson* was an "action in the nature of habeas corpus" against the permanent custodians (grandparents) of the minor. In reaching its decision the court, although recognizing that the case was not a habeas corpus action as such, applied Code § 50-121, which necessarily involves a wide discretion of the trial judge as to the welfare and best interest of the child, and further held that if there is reasonable evidence in the record to support the decision it will be upheld. *Young v. Pearce,* 212 Ga 722 (95 SE2d 671) (1956) with its contrary implications was limited in *Robinson* and finally overruled in *Crumbley v. Stewart,* 238 Ga. 169 (231 SE2d 772) (1977). *Robinson* summarized: "It was incumbent upon the trial judge in this case to hear evidence with respect to changed conditions and render a decision based upon his discretion and good judgment as he viewed the evidence, giving primary consideration to the welfare of the child." Id., p. 502. Again, "we emphasize that any consideration of custody must always be made in the light of the best interests of the child involved." Id., p. 501. See also *White v. Bryan,* 236 Ga. 349 (223 SE2d 710) (1976). We accordingly conclude that in the case before us evidence of changed conditions affecting the best interests of the children involved is

relevant and may be considered by the court in the exercise of his enlightened legal discretion.

4. It is contended, however, that while the above rule may apply in a custody-modification action between the parents, the rules do not apply to a third party candidate, and that such evidence should be declared inapplicable until a finding of unfitness on the part of the parents is first established. The appellants cite *Childs v. Childs,* 237 Ga. 177 (227 SE2d 49) (1976) and *Campbell v. Chapman,* 238 Ga. 427 (233 SE2d 155) (1977). In *Childs* the court held that present unfitness must be shown "by clear and convincing evidence that the circumstances of the case justify the court in acting for the best interest and welfare of the child." The thrust of *Campbell* is also to the effect that the evidence must refer to present, not past events. We therefore hold that in a contest between one or both parents and a third party "unfitness" must be shown by evidence and found to exist by the court, and that it amounts to circumstances which justify the court in acting for the best interests and welfare of the minor. "Unfitness" may by its very nature be relative; in a contest between a relative who has given the children a salutary and stable home life over a period of years, which they prefer and with which the children, the court and the government agency involved are satisfied, on the one hand, and a choice of sending them into an unknown environment where there is a poor performance record for stability and nurture on the other, the latter decision may constitute a great cruelty. Unfitness may refer merely to the degree of care which the parent, with the best intention in the world, is still incapable of fulfilling. *In the Interest of J. C.,* 242 Ga. 737, 738 (251 SE2d 299) (1978) quoting *Williams v. Crosby,* 118 Ga. 296, 298 (45 SE 282) (1903): "But if through misconduct or other circumstances it appears that the case is exceptional, and that the welfare of the child requires that it should be separated even from its parent, the parens patriae must protect the helpless and the innocent." In determining such unfitness the stability of the family life may be considered, the amount of care which the custodian will be able to provide for the children on a daily basis, the environment in which they will be brought up, including the presence of family and other interested persons, the efforts, if any, which were made by the parents during this long separation to furnish support to the children, both personal and financial, the mental health or illness of the proposed custodian, and so on. The court, if it finds that either parent encouraged or acquiesced in the children being brought up by their aunt over an extended period of time may consider such evidence along with the other testimony in the case in weighing the fitness, stability, and good faith of each of the appellants.

5. It is further contended that the trial court erred in considering the wishes of the children, aged 14 and 11. It is true that in a contest between a parent and a third person the wishes of a child over 14 years of age is not dispositive, and Code § 74-107 applies only where the custody of the child is in controversy between its parents. But the general rule in habeas corpus cases, as stated in *Fort v. Alewine,* 223 Ga. 359, 362 (155 SE2d 12) (1967) is that "the wish of a minor fourteen years of age, or older, in regard to his custody, is entitled to due consideration, but it is not in all circumstances necessarily controlling." Noting this rule in his well considered final analysis of the case, the trial judge unfortunately based his judgment leaving the custody of the children with their aunt (with whom they had lived for the past three years) entirely on the premise that the selection of this custodian by the older child was "judicious and in her best interest" and that in consequence it was unnecessary for the court to address the issues as to whether the parents have lost their custodial rights or are unfit. This flies in the face of the latest expression of the Supreme Court that "the best interest and welfare of the minor children" is not the proper standard to be used in a contest between a parent and a third party, but the parent "may lose the right to custody only if one of the conditions specified in Code §§ 74-108, 74-109, and 74-110 is found to exist, or, in exceptional cases, if the parent is found to be unfit." *Mathis v. Nicholson,* 244 Ga. 106 (259 SE2d 55) (1979). While the wishes of a minor over the age of 14 may be considered, this, without a finding of unfitness as here defined, or of failure to support or some other situation listed in Code Title 74, Chapter 1, as a basis of relinquishing parental power, is insufficient as a basis for depriving the mother of the permanent custody awarded in the 1976 divorce proceedings.

6. The court committed no error except that enumerated in the fifth division of this opinion. The court must first make a finding as to fitness (or one of the other statutory grounds) before making final disposition of the case. Such finding will of course be conclusive and will not be disturbed on appeal unless the evidence demands a contrary conclusion. *Harbin v. Sandlin,* 243 Ga. 677, 678 (256 SE2d 360) (1979).

Since this question was not considered by the trial court we direct that the judgment be vacated and a new order entered consonant with what is ruled in this opinion.

*Judgment vacated and remanded with direction. Birdsong and Sognier, JJ., concur.*

ARGUED MAY 6, 1980 — DECIDED JUNE 12, 1980 —

*J. Douglas Sexton,* for appellant (Case No. 59913).

*Joseph E. Cheeley, Marian Burge, Richard K. Greenstein,* for appellees.

*Marian Burge,* for appellant (Case No. 59914).

*Joseph E. Cheeley, J. Douglas Sexton,* for appellees.