Vicki Louise HUMPHREY, Respondent,

v.

Joseph Everett HUMPHREY, III, Appellant.

No. 43827.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 31, 1982.

Michael B. Stern, Clayton, for appellant.

Jerrold H. Chapnick, Clayton, for respondent.

CLEMENS, Senior Judge.

In this post-dissolution child custody case the trial court declined to award custody to either parent. Instead, the court gave custody to the mother's foster parents and father appeals.

The decree appealed from was entered after the trial court had heard the parties' evidence and after both paternal and maternal grandparents had entered their appearances and agreed to assume custody of their grandchild.

We adopt the trial court's findings of fact; they are fully supported by the evidence. In its relevant parts the findings as to the mother were: She has frequently changed residence and employment often without notice to the father; she has left the child with numerous baby-sitters until irregular early hours; both she and the child are now living with her foster parents; the mother's present employment goals are uncertain.

As to the father: He and his present wife are tavern hoppers and often have failed to timely pick up their own child at their baby-sitters; the father would not maintain a stable environment for the child in question.

As to the grandparents: All were suited for custody; the child had never lived with the husband's parents. For two one-year periods she had lived with the mother's foster parents who gave affectionate care; the child was attending school. The child's mother is in the home.

The father challenges the custody order on three grounds. First, that it was unsupported by substantial evidence. The recited facts refute that contention. Clearly the court did not abuse its discretion, as required for reversal. Compare *Johnston v. Johnston*, 573 S.W.2d 406 [12] (Mo.App. 1978).

Father also contends the trial court "violated the presumption in favor of natural parents." This so-called presumption is not unyielding. The court's decision was properly based on evidence showing lack of parental fitness. No error here.

Last, the father claims the court had no authority to get the grandparents' requests for custody. He did not object to this before submission. Further, two rules authorize the challenged action. Rule 52.04 V.A.M.R. provides additional parties may be joined if complete relief cannot be had between the original parties. And Rule 52.06 V.A.M.R. declares a court on its own initiative may add parties at any time on such terms as are just. Both rules refute the father's contention about bringing in the grandparents.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.