Donald LYCAN and Harriet Lycan, Appellants,

v.

Lavonne ROCKEFELLER, Respondent.

No. WD 38946.

Missouri Court of Appeals, Western District.

Sept. 8, 1987.

Karen A. Plax, Kansas City, for appellants.

John A. Ruth, Crouch, Crouch, Spangler & Douglas, Harrisonville, for respondent.

Before MANFORD, P.J., and NUGENT and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This is a child custody suit between the paternal grandparents and the natural mother. The paternal grandparents filed a petition for custody of two minor grandchildren born January 17, 1978, and December 7, 1979. They appeal the trial court's order granting custody of the children to the respondent mother. The father is deceased.

The grandparent's first point on appeal is the trial court erred by misapplying the law relevant to custody awards to parties other than natural parents. It is their contention that the court believed § 452.375.3, RSMo. 1980 controlled the determination of custody and the conclusions of law in this case. This statute is in the chapter on dissolution of marriage and is a part of the law on joint custody between parents as added in 1984 and reads in pertinent part:

The court may award joint physical custody or joint legal custody, or both, to both parents or sole custody to either parent, or, when the court finds that each parent is unfit or unable, and that it is in the best interest of the child, then to a third party.

They further contend that the trial judge incorrectly construed the statute to require a finding of the natural parent's unfitness and a finding that placement with a third party is in the best interest of the child.

Examination of the corrected findings of fact, conclusions of law, and judgment entry refute these contentions. In the conclusions of law, the trial judge holds that the case is governed by the principles from cases such as *In the Interest of K.K.M.*, 647 S.W.2d 886 (Mo.App. 1983), *Johnson v. Johnson*, 628 S.W.2d 709 (Mo.App.1982); *Humphrey v. Humphrey*, 639 S.W.2d 269 (Mo.App.1982); and *R. v. D.*, 667 S.W.2d 41 (Mo.App.1984). *In the Interest of K.K.M., supra*, involved a mother's habeas corpus proceeding seeking custody of her daughter. The court identified the superior rights of a natural parent over a third party and a rebuttable presumption that the best interests of the minor children are best served by vesting custody in the parent. *K.K.M.*, 647 S.W.2d at 889. The presumption may be overcome by evidence that the parent is unfit or incompetent to take charge of the child. *Id.* The presumption may also be overcome whenever the best interests of the child, for some special or extraordinary reason or circumstance, mandate that custody be vested in third persons, regardless of whether unfitness or incompetence is established. *Id.* at 890. There must be no doubt that the best interests of the child dictate such a ruling. *Id.* at 892. In *K.K.M.*, the court found special or extraordinary circumstances when the child of 14 expressed a desire to stay with her grandparents along with opposition to living with her mother and when the mother had not seen the child for five years. *Id.*

In *Johnson v. Johnson*, the presumption in favor of natural parents is recognized, but overcome by evidence of the appellant father's inability to provide a suitable home environment. 628 S.W.2d 713. Discretion in resolving conflicting evidence and deter-

mining witness credibility was accorded to the trial court by the court of appeals, with an award of custody to the maternal grandparents upheld because of serious problems of neglect.

*R. v. D.* states the presumption without labelling it as such. 667 S.W.2d at 42. Also notable is the court's willingness to reverse the trial court when the record generates a firm belief the judgment was wrong. *Id.* at 42–43.

Also relevant is *In re B.W.D.*, 725 S.W.2d 138 (Mo.App.1987). The case involved a natural mother petitioning to obtain custody from the child's stepmother after the child's natural father died. *Id.* at 138. This court affirmed the decision leaving custody with the stepmother based on the child's best interest and extraordinary circumstances without finding the natural mother unfit. *Id.* at 139. Significant was the sixteen year old child's expressed preference for staying with his stepmother, his adjustment while in her custody, and the natural mother's status in the military with the possibility of relocation. *Id.* at 138–40.

■ The trial court here identifies a rebuttable presumption that the best interests of minor children are best served by awarding custody to the natural parent rather than a third party, and states that the presumption must fall when the evidence establishes that the natural parent is an unfit person, is incompetent, is unable to care for the children *or* when the best interest of the children for some special or extraordinary reason or circumstance requires that custody be vested in a third person. This approach is entirely consistent with the cited precedent and accurately states Missouri law. The findings of fact specifically state that the grandparents presented no evidence of fitness, of incompetence or of her inability to care for the children, or of child abuse or sexual molestation, and insufficient evidence of special or extraordinary circumstances requiring a custody award to the petitioners over the natural mother.

The judgment entry does indicate that the trial court considered §§ 452.375(3), *supra*, and 452.402, RSMo. Section 452.402 deals with grandparents *visitation* when one parent is deceased and the surviving parent does not afford the grandparents reasonable visitation. The judgment entry does not indicate that these sections were in any way the basis for the courts decision.

The grandparents second and third points on appeal are that the trial court erred in granting custody to the mother because the decision was against the weight of the evidence. It is their view that the evidence established special and extraordinary circumstances mandating placement of custody with the appellants, or established that the respondent mother was unfit.

■ The mother was granted custody of the children upon she and the father's divorce in June, 1982. The childrens' custody was voluntarily relinquished to the natural father for a period contemplated by both parents to be from December, 1983, until September, 1986, so that the mother could attend school. During this period the father and children resided with his parents. The agreement was interrupted by the father's death in October, 1985. After the father's death, the children continued to reside with the grandparents although the mother requested their return in December, 1985. In January, 1986, the mother removed the children from their Missouri elementary school and took them to her home in Colorado. This removal was not fully discussed with the grandparents. At the time of the trial, the children had spent 37 out of the preceeding 48 months residing with the grandparents. During this period, the grandparents provided a stable home, financial and emotional support, and did an admirable job of filling in as substitute parents. The mother remarried in November, 1984. Both the mother and her husband are employed, and they have sufficient income to support an adequate home to accommodate the minor children.

As related, the prior facts make up the findings of fact of the trial court and are adequately supported by the record. In addition, the court found that the mother

wants custody, wants to act as mother and is able and capable of doing so. As noted previously, the court found no evidence of her unfitness, incompetence, or inability to care for the children, and no evidence of drug or alcohol abuse, child abuse, or of special or extraordinary circumstances requiring an award of custody to a third party.

It is apparent that the trial judge recognized the able and admirable role played by the grandparents in providing for the children's needs over a significant period of time. The grandparents were decreed extensive rights of visitation, including two months every summer and a period during the Christmas holiday. It is also apparent that the trial judge recognized the past shortcomings of the respondent, but he did not consider those factors as reaching the level of special or extraordinary circumstances that would overcome the presumption in favor of a natural parent. A review of the record persuades this court that the trial court's conclusion and judgment were permissible and should stand. In a court tried case, the judgment is presumed to be correct. *Kornberg v. Kornberg,* 688 S.W.2d 377 (Mo.App.1985). Upon appellate review, "the decree or judgment of the trial court will be sustained ... unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment is to be affirmed under any reasonable theory supported by the evidence with the appellate court obliged to accept as true the evidence and permissible inferences which may be drawn, favorable to the prevailing party, and disregard the contradictory testimony. *Prudential Property and Casualty Ins. Co. v. Cole,* 586 S.W.2d 433 (Mo.App.1979). When the ground for appeal is that the decree or judgment is against the weight of the evidence, the courts should exercise the power to set aside "with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron, supra.* This court is unable to reach that conclusion on this challenge.

The evidence does show a significant period of little contract between the mother and her children. However, the relinquishment of custody was motivated by the mother's desire to put herself in a better position to maintain her family and at least minimal contacts were kept up. Subsequently, she remarried, taking on additional family responsibilities that delayed but did not displace her desire to resume her duties as a mother. While the expert testimony conflicted in some respects, there was evidence a bond exists between the mother and her children, that she has actively carried out her parental responsibilities in this time of disruption and stress, and has sought professional guidance in coping with and managing her changing family situation.

The grandparents challenge is a difficult one to maintain given the presumption in favor of a natural parent and the evidence adduced at trial. This court is unable to conclude that the award of custody should be reversed. Therefore, the judgment must be affirmed.

All concur.