In the Estate of Latasha Dawn WILLIAMS, Lakevia Danelle Williams, and Brittani Michelle Williams, Minors.

Jerome ANDERS, Jr., Appellant,

v.

Leslie WILLIAMS, Guardian and Conservator of Brittani Williams, a Minor, Respondent.

No. 20418.

Missouri Court of Appeals,
Southern District,
Division Two.

April 24, 1996.

Mary L. Dilks, Poplar Bluff, for appellant.

No brief filed for Respondent.

PREWITT, Presiding Judge.

Jerome Anders, Jr., the father of Brittani Michelle Williams, a minor, appeals from an order appointing Leslie Williams the guardian and conservator of Brittani Michelle Williams and denying Appellant's petition for appointment as her guardian and conservator. Such an order is appealable. *In re Say,* 804 S.W.2d 435, 436 (Mo.App.1991); *Estate of Seabaugh,* 654 S.W.2d 948, 950–54 (Mo. App.1983).[1]

In this non-jury matter, review is under Rule 73.01(c). As that rule is interpreted, this Court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Lafferty,* 788 S.W.2d 359, 361 (Mo.App.1990).

Due regard is given the opportunity of the trial court to judge the credibility of witnesses. Rule 73.01(c)(2). "Credibility of the witnesses is generally a question for the trial court which may disbelieve testimony even when uncontradicted." *Citizens State Bank v. Krewson,* 822 S.W.2d 580, 581 (Mo.App. 1992). "The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record." *Kelley v. Prock,* 825 S.W.2d 896, 897 (Mo.App.1992).

Brittani, age three, lived with her mother until her mother was killed in an automobile collision on December 26, 1994. Two half-sisters, older than Brittani, also lived there. All three of the girls sustained injuries in the accident. Appellant lived with Brittani's mother, Tracee Williams, for approximately two years after Brittani's birth, but they never married. It is undisputed that Appellant is Brittani's natural father. He is not the father of Brittani's sisters. Leslie Williams, the guardian appointed for the three children, is a sister to Tracee Williams.

Appellant presents two points relied on pertaining to the appointment of Leslie Williams as Brittani's guardian, contending that the trial court erred:

I. ... [I]n appointing the aunt of the minor child as her guardian instead of her father for the reason that there was insufficient evidence offered to show the existence of extraordinary circumstances sufficient to rebut the presumption that the

---

1. The trial court also made specific provisions allowing Appellant time with and temporary custody of his child, none of which provisions are at issue here.

father has the superior right to custody of his child.

and

II. ... [I]n determining the appellant father unfit to perform the duties of guardianship ... for the reasons that there was no evidence that the appellant abused, neglected or abandoned his daughter; that said determination was based solely on the father's involvement with relationships outside of marriage; that there was substantial evidence to show that the father continuously maintained the father/child relationship and provided for the care and welfare of the child.

■ Under Sections 475.030.4(2) and 475.045, RSMo1994, a parent is to be appointed guardian or conservator unless "adjudged unfit." In considering those sections together with Section 475.025, RSMo1994, *Reece v. Reece*, 890 S.W.2d 706, 710 (Mo.App. 1995) stated:

> When reading the three statutes in *pari materia*, letters of guardianship for a minor should not issue unless there is no parent available, willing or able to fulfill the parental role in caring for a child and providing for that child's needs as natural guardian. It is only when no natural guardian is fulfilling the parental duties and obligations is the appointment of a statutory guardian necessary....

The guardianship statutes are consistent with other situations involving child custody as there is a rebuttable presumption that it is in the best interest of a minor child to have custody in the parent, but such presumption may be overcome by evidence that the parent is unfit or incompetent to take charge of the child. *See, e.g., Lycan v. Rockefeller*, 736 S.W.2d 74, 75 (Mo.App.1987); *In re K.K.M.*, 647 S.W.2d 886, 889 (Mo.App.1983).

■ The trial court found, and the evidence supported its finding, that the guardian lives with the three children in the residence where the children resided with their mother before her death. This is the only home that the children have known. The guardian takes care of the children with assistance from her mother, the children's grandmother. Following their mother's death, the guardian ·quit college in Cape Girardeau, and returned to Poplar Bluff to care for the children. At the time the trial court heard this matter, Appellant was laid off from his employment and was drawing unemployment benefits. By now he may be working again, as he anticipated at the hearing. He has two sons by a woman to whom he has not been married. The sons spend a majority of their time with him. Appellant currently lives with a different woman, but has no plans to marry her.

The evidence suggests that Brittani and her sisters have a close relationship made closer by their mother's death. The trial court determined that compelling circumstances existed which should allow Brittani to remain in the custody of Leslie with her half-sisters. The Court stated:

> [T]hat the children have resided together since birth in the same house and appear to share a very strong bond of attachment. The children interact with one another in a positive fashion and are apparently treated the same. On the other hand, [Appellant's] lifestyle and circumstance do not appear conducive to a stable home environment. [Appellant's] rather libertine and cavalier involvement with physical relationships is duly noted.

The court determined that Appellant was "unfit" to be Brittani's guardian and that it was in the best interests of Brittani to allow her to remain in a familiar and stable environment with hope that the "pain and anxiety associated with the loss of her mother can be alleviated."

■ If the evidence is sufficient to support the finding that Appellant was "unfit," then any presumption in favor of him is gone and the trial court properly appointed Leslie Williams as Brittani's guardian. There is no contention that Ms. Williams was unfit to be her guardian. We are not cited to, and have found no Missouri cases which comprehensively discuss what should be considered in determining if a parent is unfit to take custody of a child. There is authority in Missouri that a parent's morals are properly considered in the appointment of a guardian for minor children. *Home of the Friendless v.*

*Berry,* 79 Mo.App. 566, 570 (Mo.App.1899). *See also M.P. v. S.P.,* 793 S.W.2d 510, 511–12 (Mo.App.1990).

Other jurisdictions have considered how "unfit" or "unfitness" should be defined where the care of children is involved, and what factors should be considered. In *Uhing v. Uhing,* 241 Neb. 368, 488 N.W.2d 366, 372 (1992), the court said:

> Parental unfitness means a personal deficiency or incapacity which has prevented, or will probably prevent, performance of a reasonable parental obligation in child rearing and which has caused, or probably will result in, detriment to a child's well-being.

*Finney v. Finney,* 201 Kan. 263, 440 P.2d 608, 609 (1968), defined "unfit" as:

> The word "unfit" means, in general, unsuitable, incompetent or not adapted for a particular use or service. As applied to the relation of rational parents to their child, the word usually although not necessarily imports something of moral delinquency. Unsuitability for any reason, apart from moral defects, may render a parent unfit for custody.

*Lewis v. Lewis,* 154 Ga.App. 853, 269 S.E.2d 919, 921–22 (1980), states:

> [I]n a contest between one or both parents and a third party "unfitness" must be shown by evidence and found to exist by the court, and that it amounts to circumstances which justify the court in acting for the best interests and welfare of the minor. "Unfitness" may by its very nature be relative; in a contest between a relative who has given the children a salutary and stable home life over a period of years, which they prefer and with which the children, the court and the government agency involved are satisfied, on the one hand, and a choice of sending them into an unknown environment where there is a poor performance record for stability and nurture on the other, the latter decision may constitute a great cruelty. Unfitness may refer merely to the degree of care which the parent, with the best intention in the world, is still incapable of fulfilling. [Citations omitted] ... In determining such unfitness the stability of the family life

may be considered, the amount of care which the custodian will be able to provide for the children on a daily basis, the environment in which they will be brought up, including the presence of family and other interested persons, the efforts, if any, which were made by the parent during this long separation to furnish support to the children, both personal and financial, the mental health or illness of the proposed custodian, and so on.

It appears that "unfit" is given a broad definition in child custody matters and courts are given considerable discretion in applying that term. Giving due deference to the trial court, and with our limited review, we cannot hold that denying Appellant the appointment of guardian and appointing Leslie Williams was erroneous.

The order appointing Leslie Williams as guardian of Brittani Michelle Williams and denying Appellant's petition for appointment as her guardian is affirmed.

SHRUM, C.J., and CROW, J., concur.