**In re the ESTATE OF Linda WERNER.**

**No. WD 62444.**

Missouri Court of Appeals, Western District.

Feb. 3, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 2004.

Application for Transfer Denied May 25, 2004.

Lisa K. Rehard, Platte City, for Appellant.

Steven Michael Petry, Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

Linda Werner, an incapacitated adult, appeals the circuit court's judgment ordering that she remain subject to a guardianship. Because she did not meet her burden of proving that she has been restored to her capacity, we affirm the circuit court's judgment.

On September 3, 1999, the circuit court determined that Werner was totally incapacitated and totally disabled. The court appointed Platte County's public administrator, Janet Waddell, to serve as Werner's guardian and conservator.

Approximately three years later, Werner petitioned the court to terminate her guardianship and conservatorship. At the hearing, Werner and Waddell informed the court that they stipulated that Werner should be wholly released from the conservatorship and that the guardianship should be modified to restore her driving and voting privileges. Waddell believed that the guardianship should otherwise be left intact, and Werner argued that the circuit court should fully release her from the guardianship.

The circuit court entered judgment revoking the letters of conservatorship and modifying the letters of guardianship to allow Werner to regain driving and voting privileges. In all other respects, the circuit court left the guardianship intact.

Werner appeals, contending that the evidence indicated that she did not suffer a mental condition and that she was able to receive and evaluate information or communicate decisions to such an extent that she was able to meet her essential requirements. The standard enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), governs our review of a circuit court's judgment in a non-jury probate proceeding involving termination of guardianship letters. We will reverse such a judgment only if it is not supported by substantial evidence, is against the weight of evidence, or erroneously declares or applies the law. *In re L.C.F.*, 987 S.W.2d 830, 833 (Mo.App.1999).

Section 475.083, RSMo Supp.2002, governs termination of guardianships and sets out seven circumstances under which an adult's guardian's authority terminates. Werner's contention that she has been restored to her capacity raises multiple grounds under which termination of her guardianship would have been appropriate, including § 475.083.1(2), (3), and (7). Each ground for termination, however, comes back to one premise: that the guardianship was no longer legally proper and should have, in one manner or another, been dissolved. This is the central issue in this appeal.

■ By defining in Chapter 475 the applicable terminology and applying it to guardianship proceedings, the General Assembly established that an adult guardianship is appropriate only when a person is incapacitated. An incapacitated person is "one who is unable by reason of any physical or mental condition to receive and evaluate information or to communicate decisions to such an extent that he lacks capacity to meet essential requirements for food, clothing, shelter, safety or other care such that serious physical injury, illness, or disease is likely to occur," or a person who, although partially capable of meeting their essential requirements, cannot fully meet them without court-ordered support. Section 475.010(9) and (14), RSMo 2000.

■ A mental or physical condition alone does not render a person incapacitated. The condition must also interfere with the sufferer's ability to meet essential requirements. Section 475.010(9). Hence, when a ward no longer suffers a physical or mental condition that prohibits his or her meeting essential requirements, a guardianship is no longer appropriate. Even if he or she still suffers the condition but can, without court-ordered support, receive and evaluate information or communicate decisions to such an extent that he or she can fully meet essential requirements, the guardianship is no longer appropriate.

■ As the petitioner, Werner had the burden of establishing by a preponderance of evidence that her capacity to meet essential requirements had been restored. Section 475.083.6, RMSo Supp.2002. Werner argues that she sufficiently established that she did not suffer schizophrenia, as diagnosed by her doctor, because she presented medical testimony from another doctor whom she had been seeing regularly. The second physician diagnosed her condition as depression rather than schizophrenia. This physician testified about why he believed the schizophrenia diagnosis to be erroneous, the factors in Werner's life that led him to believe she was suffering depression, and the course of treatment that he would provide.

■ Credibility of the witnesses was a matter for the circuit court to determine. *Estate of Williams,* 922 S.W.2d 422, 423 (Mo.App.1996). The circuit court could have discredited the second physician's diagnosis of depression. Moreover, even if the circuit court accepted the diagnosis of depression as true, the diagnosis did not conclusively establish that the guardianship was no longer proper. Werner did not present any evidence that she was able to meet her needs without the court-ordered assistance that she had been receiving.

Several witnesses, including one called by Waddell, testified that Werner had been doing substantially better in providing for herself during the previous year. Even the doctor who diagnosed her disease as schizophrenia noted a six-month history of fairly stable control of her condition and recommended that she be allowed to drive and to manage her financial af-

fairs. Werner testified that she was living in her own apartment, working, helping to ensure that she kept her doctor's appointments, and presumably meeting her food and clothing needs. This evidence, however, was not sufficient to establish by a preponderance of the evidence that she could continue to do so without the court-ordered assistance that she had been receiving. Indeed, the record suggests that the reason for her recovery had been because of the support, most notably, the medical treatment that her guardian ensured that she received. Countervailing this evidence was Werner's rejection of even the possibility that she suffered schizophrenia, despite her marked improvement with the administration of Haldol.

Werner argues that Waddell's willingness to stipulate that she is ready to manage her own financial affairs and to drive a motor vehicle is inconsistent with incapacity to meet essential requirements. She contends that the transcript is void of any evidence that she is incapacitated.

■ The burden was on Werner to prove that she had capacity to meet her essential requirements without court-ordered assistance. Section 475.083.6. She does not meet her burden by arguing that Waddell failed to prove the lack of that capacity. Also, a ruling that Werner's condition is such that she remains subject to a guardianship but not a conservatorship is not inconsistent. Chapter 475 demonstrates that conservatorships and guardianships are distinct and either may be appropriate according to given situations. *Werner v. Wright,* 737 S.W.2d 761, 764 (Mo.App.1987).

■ In her second point, Werner argues that the circuit court erred by delving into such matters as her history with the legal system, past hospitalizations, and her conduct. She asserts that raising these issues

violated principles of *res judicata* and collateral estoppel. Because she did not object to this evidence at hearing and thereby preserve the issue for our review, we have authority to review the issue only as plain error under Rule 84.13(c).

■ Rule 84.13(c) grants us the authority to consider "[p]lain errors affecting substantial rights ... when [we find] that manifest injustice or miscarriage of justice has resulted" from the plain error. The rule presents a bit of a conundrum by granting us authority to review plain error only if we find manifest injustice or a miscarriage of justice. Making a finding of manifest injustice or a miscarriage of justice seems tantamount to a review. The Supreme Court suggested in *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995), that it intended for this seemingly enigmatic rule to mean that we should first examine plain error "facially," and review the matter only if we discern a substantial ground for believing that manifest injustice or miscarriage of justice has resulted from plain error. If we find that the claim of plain error does not facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has occurred, we should decline to exercise our discretion to review a claim of error under Rule 84.13(c). Moreover, not all error, even if prejudicial, is plain error. Plain error is evident, obvious, and clear error. *Collins v. Hertenstein,* 90 S.W.3d 87, 98–99 (Mo.App.2002).

We do not discern a substantial ground for believing that manifest injustice or a miscarriage of justice resulted, even if we deemed the circuit court's questions to be plainly erroneous. Werner erroneously contends that the evidence of her prior incapacitation was the only evidence from which the circuit court could conclude that

she remained incapacitated. The circuit court ordered that Werner remain under guardianship because the evidence indicated that Werner did not yet appreciate her illness and rejected even the possibility that she suffered schizophrenia in the face of the improvements resulting from medications. Moreover, she did not establish that she could continue to meet her essential requirements without the assistance ordered by the circuit court. In sum, Werner was left under guardianship because she failed to meet her burden of proving her capacity.

We affirm the circuit court's judgment.

THOMAS H. NEWTON, Presiding Judge, and PATRICIA A. BRECKENRIDGE, Judge, concur.