### 26505. RHODES v. QUANTRELL.

HAWES, Justice. The essential elements of "virtual adoption" are an agreement between the person or persons having custody of the child and the "adopting" parent that the child shall be adopted and a change in the status of the child wherein there is a severance of the actual relationship of parent and child as between the child and the person or persons having custody and the assumption of that relationship between the child and the adopting parent or parents. *Crawford v. Wilson,* 139 Ga. 654, 658 (78 SE 30, 44 LRA (NS) 773); *Bell v. Elrod,* 150 Ga. 709, 712 (105 SE 241); *Jones v. O'Neal,* 194 Ga. 49, 52 (20 SE2d 585); *Handley v. Limbaugh,* 224 Ga. 408, 409 (162 SE2d 400). Before a recovery based upon an alleged oral contract to adopt will be authorized, proof of such contract must be made out so clearly, strongly and satisfactorily "as to leave no reasonable doubt as to the agreement." *Ansley v. Ansley,* 154 Ga. 357 (5) (114 SE 182). See also *Bird v. Trapnell,* 149 Ga. 767 (102 SE 131), and *Taylor v. Boles,* 191 Ga. 591, 596 (13 SE2d 352). In addition to proof of the contract, that is, the agreement to adopt, there must be clear and convincing proof of performance in accordance with the terms of the contract. *Crum v. Fendig,* 157 Ga. 528 (121 SE 825); *Taylor v. Boles,* supra. " 'The part performance which will withdraw such a contract from the ban of the statute [of frauds] must consist of an act or of acts which it clearly appears that the performing party would not have done in the absence of the agreement or without a direct view to its performance.' 25 RCL 587, § 191. 'The part performance relied on to take the case out of the statute must have been done strictly with reference to the contract; if referable to

anything else it is not available.' 27 CJ 347, § 429." *Taylor v. Boles,* supra, pp. 598, 599.

Upon application of the foregoing principles and rules of law, the trial judge in this case did not err in directing a verdict for the defendant. The evidence most favorable to the plaintiff's cause showed that he was the illegitimate son of the defendant's intestate; that when he was about two years old, his mother married one Rhodes; that until his mother's death, the plaintiff lived continuously in the home with his mother and his foster father, Rhodes, though he occasionally visited and spent some time in the home of the putative father and the putative father's mother, the putative father never having married; that when the plaintiff was three or four years old, the putative father and his mother visited in the home of the plaintiff's mother and foster father on one occasion, and at that time there was some discussion relative to his being adopted by the putative father but no action to accomplish this was ever taken; that the putative father and his mother made occasional contributions in money, clothing and food to the support of the plaintiff, totaling in value over the years in excess of $1,000; that the putative father was adjudged insane and committed to the State Hospital in 1937 where he remained, with the possible exception of a short visit home, until his death in 1969; and that the plaintiff visited him while he was in the hospital only twice, the first time being about two years prior to his death. This evidence was wholly insufficient to establish the existence of a contract to adopt or to show such part performance as would authorize a court of equity to decree specific performance against the defendant, the administratrix of the putative father's estate.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 10, 1971—DECIDED JULY 9, 1971.

*Robert K. Ballew,* for appellant.
*Herman J. Spence, Bobby C. Milam,* for appellee.