## 26616. THOMAS v. CRAWFORD.

Argued July 12, 1971—Decided September 8, 1971.

*Johnson & Beckham, Philip Sheffield,* for appellant.

*W. T. Morgan, Lowery S. Stone, P. Z. Geer,* for appellee.

ALMAND, Chief Justice. This appeal is from a decree entered upon a jury verdict finding in favor of the appellee, Crawford, on a complaint filed by the appellant, Thomas, wherein he prayed that it be decreed that he was one of two surviving heirs of Lester and Sally Tolliver because of his virtual adoption by said Tollivers and for a decree that he was entitled to one half of all the property left by the said Tollivers.

On the trial of the case before a jury, at the conclusion of the evidence, the plaintiff (appellant here) moved for a directed verdict which was overruled. The jury returned a verdict in favor of the defendant (appellee here) and a decree was entered in conformity with the verdict.

Error is enumerated on (a) the overruling of the motion for a directed verdict, and (b) entering the decree on the verdict.

The sole question for review is: did the evidence demand a verdict for the plaintiff?

■ In this case the appellant sought to specifically enforce an alleged contract of virtual adoption made between his mother and the deceased Tollivers, against their estates. In order for the appellant to recover the burden was upon him to prove the existence of the particular contract, and it

must be so clearly, strongly and satisfactorily proven as to leave no reasonable doubt as to its existence. *Salmon v. McCrary,* 197 Ga. 281 (29 SE2d 58).

■ The evidence discloses the following: In 1938 Isaac Thomas, then nine years old, the son of B. F. and Emma Thomas, resided with his parents in South Carolina. His father died that year. His mother, Emma Thomas, wrote her brother Lester Tolliver at Damascus, Georgia, that she was giving her son Isaac to him and his wife Sally, "and they could come for him when they got ready." Emma testified that Lester Tolliver came to South Carolina and carried her and her seven children to Damascus; that about one month later she and all the children except Isaac moved to Montgomery, Alabama; that Lester Tolliver said not to worry about Isaac, he would take care of him. On direct examination she said that she was willing for Lester to adopt Isaac, but she did not say that Lester agreed to adopt him.

The Reverend D. D. Dunbar, a witness for the appellant, testified that he was the Presiding Elder of the Triumph Church in the Kingdom of God and Christ, and after the death of B. H. Thomas, Lester Tolliver inquired of him and his church board as to the custody or future of Isaac Thomas and he was advised that adoption through a court of law was not necessary and that he could trust his sister's word.

Isaac Thomas continued to live with the Tollivers. He went by the name of Isaac Thomas, enrolled in school under that name and referred to the Tollivers as Uncle and Aunt.

The appellee testified that he was present at the time Emma Thomas left her son Isaac with the Tollivers when she moved to Alabama with her other children; that Lester Tolliver asked her about giving Isaac to them (Lester and Sally Tolliver), and that she replied, "No, I've got a place for them all —I will let him stay with you until I come back or send for him"; that Lester said he wanted to "sorta straighten him out." Though Emma Thomas denied she made the statement attributed to her by the appellee, her

credibility as a witness was for the jury.

There was evidence that on the deaths of both Tollivers, Isaac was not living with the Tollivers, and he (according to the testimony of the appellee who was in possession of the land left by them) made no claim on the death of either to said property.

We are of the opinion that the evidence did not demand a finding that there was a contract by the Tollivers to adopt this appellant and it was not error to overrule the appellant's motion for a directed verdict. There being a verdict for the appellee the decree entered on the verdict was not error.

*Judgment affirmed. All the Justices concur.*