## 31674. WALTERS v. WALTERS.

PER CURIAM.

This is an appeal from an order of Gwinnett Superior Court holding the appellant in contempt of court for failing to pay alimony and child support owed to his former wife under a final divorce decree. The amount in arrears is $2,460.14, and this sum is not in dispute. The trial court ordered appellant to pay $1,230.07 by September 1, 1976, and the remaining $1,230.07 by October 1, 1976, or be put in jail. In addition, the trial court ordered that $1,060.01, being held in escrow from the sale of certain real estate and which the wife was required by the divorce decree to use to pay several loans in appellant's name, be used as a setoff against the wife's alimony and child support claim.

The husband answered the contempt action and stipulated that he was in arrears in the amount claimed by his former wife. He denied, however, that he was in wilful contempt for failure to pay the arrearage. He contended that he was unable to pay the child support and alimony as ordered by the court because "he has exhausted all available resources and assets after paying his obligations and he is unable to borrow the funds to fully comply with the judgment." The husband also counterclaimed for the $1,060.01 in proceeds from the sale

of real estate and contended it should be used to pay the debts specified in the divorce decree. *Held:*

1. The trial court's finding that appellant was capable of making the alimony and child support payments is supported by some evidence and, therefore, will not be disturbed on appeal. See *MaHaffey v. MaHaffey,* 238 Ga. 64 (1976), decided by this court November 22, 1976. If appellant's financial status or income has changed subsequent to the rendition of the divorce so as to authorize a modification of the alimony or child support obligations, he is free to prosecute proceedings under Code Ann. § 30-220.

2. Appellant's second enumeration of error complaining that the trial court erred in ordering that the escrow money from the real estate sale be used to reduce the arrearage owed by appellant, is without merit. This order by the trial court is not a modification of the original divorce decree which required the wife to expend this money in her husband's behalf. *Mason v. Mason,* 232 Ga. 336 (206 SE2d 479) (1974), relied upon by appellant, holds that in contempt proceedings the court is without authority to reduce the alimony due the wife under a prior divorce decree. This does not mean that the trial court is without discretion to set off amounts which the divorce decree requires the wife to expend in the husband's behalf against the wife's claim for alimony and child support arrearage. We find no error.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 22, 1976 —DECIDED JANUARY 5, 1977 —
REHEARING DENIED JANUARY 27, 1977.

*Howard & Mullinax, Charles A. Mullinax,* for appellant.

*Gary W. Smith,* for appellee.