### 31749. WILLIAMS v. MURRAY.

HALL, Justice.

This is an equity action involving the issue of a virtual adoption.

Appellee, Betty Jean Murray, filed suit in the Superior Court of Appling County against appellant, as executor of Cora Mixon's estate, seeking a ruling that she had been virtually adopted by Horace and Cora Mixon in 1938, and was Cora Mixon's sole heir. The case was heard by a jury who returned a verdict in favor of the appellee, and a decree was entered granting the relief prayed. Appellant's motion for new trial was denied; he appeals.

Virtual or equitable adoption is usually invoked to avoid an unfair result from the application of intestacy statutes. Its underlying theories are drawn from contract law and the relevant elements include the following: "Some showing of an agreement between the natural and adoptive parents, performance by the natural parents of the child in giving up custody, performance by the child by living in the home of the adoptive parents, partial performance by the foster parents in taking the child into the home and treating [it] as their child, and . . . the intestacy of the foster parent." Habecker v. Young, 474 F2d 1229, 1230 (5th Cir. 1973). See also *Rhodes v. Quantrell,* 227 Ga. 761 (183 SE2d 207) (1971); *Toler v. Goodin,* 200 Ga. 527 (37 SE2d 609) (1946). In Georgia, the mother alone can contract with another for the adoption of a child, but only where it is shown that its father was dead, or that the father had lost parental control, or that the father had abandoned the child, or that the father had acquiesced in the contract made by the mother. *Lubeck v. Dotson,* 192 Ga. 258 (4) (15 SE2d 205) (1941). This court has also held that the word "adopt" need not necessarily appear in an adoption agreement, so long as the contract comprehends and intends a legal adoption. *Toler,* supra,

at 539.

1. In his first three enumerations of error the appellant contends that the evidence does not support the verdict (that the trial court erred in denying his motion for new trial, in denying his motion for a directed verdict, and in entering a judgment on the jury verdict).

The evidence in this case is conflicting. On one side is the appellee who, along with her witnesses, argues that a virtual adoption took place in 1938. This claim is supported by a signed and witnessed written agreement dated July 28, 1938, which reads as follows: "This is to certify that I, Mrs. Alna Williams McLeighton, have given to my sister and brother-in-law, Mr. and Mrs. Horace L. Mixon, my youngest daughter, Betty Jean, which is about two years old to raise as their own. I do this because of the fact that I am a widow by cause of desertion of my husband, Charlie McLeighton, and that I am not able to support her." Thereafter, appellee went to live with the Mixons and remained there until the time of her marriage, was treated as and known as the Mixons' daughter, took the Mixon name as her own, and was supported by the Mixons. While this agreement was signed only by Alna McLeighton, there is evidence that Charlie McLeighton acquiesced in this arrangement for many years.

Opposed to the virtual adoption are the appellant (the executor of Cora Mixon's estate and also one of Cora's brothers) and other siblings of Cora Mixon (including the appellee's natural mother, Alna McLeighton) who all will share in Cora Mixon's undisposed of property if it is decided that the appellee was never virtually adopted. These witnesses testified that Alna McLeighton never signed any adoption agreement; that she only ever signed a "part time custody paper" which was not introduced into evidence; that Charlie McLeighton never agreed to an adoption and never liked the idea of the appellee's staying with the Mixons.

On appeal this court will consider only the sufficiency of the evidence, not the weight of the evidence. *Searcy v. State*, 236 Ga. 789 (225 SE2d 311) (1976); *Ridley v. State*, 236 Ga. 147 (1) (223 SE2d 131) (1976). If there is some evidence to support the jury's verdict and the court's

judgment, it will not be disturbed on appeal. *Walters v. Walters,* 238 Ga. 237 (1) (232 SE2d 240) (1977). While the evidence is conflicting, we find that there is evidence to support the finding of a virtual adoption.

2. The appellant contends that the trial court erred in admitting into evidence a document from the Bureau of the Census. We find this contention to be without merit. See Code Ann. §§ 38-710, 38-711; 28 USC § 1733; *Pressley v. State,* 207 Ga. 274 (1) (61 SE2d 113) (1950); *McDaniel v. Gangarosa,* 126 Ga. App. 666 (191 SE2d 578) (1972).

3. Enumerations of error 5 and 6 complain of the jury charge.

The failure of the trial court to charge appellant's request number 10 was not error because the charge was not adjusted to the facts in the evidence and was not a complete charge of the law. *Seaboard C. L. R. Co. v. Thomas,* 229 Ga. 301, 302 (190 SE2d 898) (1972).

The trial court did not err in charging the jury the appellee's request to charge number 3. *Daye v. Drew,* 158 Ga. 233 (122 SE 878) (1924); *Lamar v. Harris,* 117 Ga. 993 (3) (44 SE 866) (1903).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 14, 1977 — DECIDED JUNE 21, 1977.

*Evelyn Highsmith,* for appellant.
*Gibbs, Leaphart & Smith, Alvin Leaphart,* for appellee.