## 37970. HERRING et al. v. McLEMORE et al.

MARSHALL, Justice.

Jack Collins died intestate in 1979. Surviving him as his three heirs-at-law were his three natural children: Evelyn C. Herring, Elma C. McLemore, and Don Collins. Evelyn was appointed both guardian of the person and property of her father and administratrix of his estate by the Probate Court of Chatham County. In her capacity as administratrix, Evelyn executed an administratrix' deed to herself, Elma, and Don, which deed conveyed a tract of land owned by the deceased in Cobbtown, Tattnall County (referred to hereinafter as Tract A). In 1965, the deceased had by deed of gift conveyed to his three natural children a remainder interest in another 134-acre tract owned by him in Tattnall County (referred to hereinafter as Tract B). In the deed of gift, the decedent reserved to himself a life estate in the property.

Elma later became dissatisfied with Evelyn's handling of the assets of the estate, and Elma obtained temporary letters of administration on the estate from the Probate Court of Tattnall County. In addition, Vondell Sewell Edenfield notified Evelyn that she was claiming an interest in Jack Collins' estate as one of his heirs-at-law by reason of his virtual adoption of her. This prompted Evelyn (a resident of Chatham County) to file a petition in Tattnall Superior Court to set aside the administratrix' deed conveying Tract A. Elma (a resident of Chatham County), Don (a resident of New York), and Vondell (a resident of Toombs County) were named as defendants. Elma subsequently filed a petition in Tattnall Superior Court for partitioning of Tracts A and B. Evelyn, Don and Vondell were named as defendants. Vondell filed counterclaims to both Evelyn's and Elma's petitions, seeking to be declared a child of the deceased by reason of virtual adoption.

The trial judge granted Evelyn's petition to set aside the administratrix' deed. After ordering a consolidation of the actions instituted by Evelyn and Elma, the trial judge held a jury trial on the question of whether there had been a virtual adoption of Vondell by the deceased. The jury returned a verdict finding that there had been a virtual adoption. Evelyn appeals, arguing that: (1) the trial judge erred in not dismissing Vondell's counterclaim on grounds of lack of venue and jurisdiction; (2) the trial judge erred in giving certain jury charges and in failing to give others; and (3) the evidence is insufficient to support the verdict.

1. Vondell's counterclaim could be filed in response to Elma's petition for partitioning of Tract A, since it was necessary for Vondell to obtain the relief requested in the counterclaim in order to establish

an interest in the property to be partitioned. See *Europa Hair, Inc. v. Browning,* 133 Ga. App. 753, 755 (1) (212 SE2d 862) (1975) and cits; See also, *Ledford v. Bowers,* 248 Ga. 804 (2) (1982) and cits. Evelyn was brought in as a co-defendant in Elma's action, and for this reason, if no other, the Tattnall Superior Court had jurisdiction and venue over Evelyn on Vondell's counterclaim.

2. The evidence was sufficient to authorize the jury in finding that there had been a virtual adoption of Vondell by the deceased.

The evidence in support of the verdict showed basically the following: Vondell was the child of Jack Collins' wife's sister. In 1932, Vondell was placed by her father in the home of Jack Collins. After her father died, her mother agreed for her to remain in the home of Jack Collins, and he agreed that he would treat her as his own child, which he did. Vondell lived in the home of Jack Collins and worked on his farm, milking cows, picking cotton, and doing other farm chores. After her marriage, she continued to care for Jack Collins by doing such things as preparing his meals, washing his clothes, and staying in the hospital with him.

3. The trial judge's charge to the jury was a correct statement of the law on the subject of virtual adoption, as expounded by us in *Williams v. Murray,* 239 Ga. 276 (236 SE2d 624) (1977). It is true that the trial judge did not charge the jury on the quantum of proof necessary to establish the existence and performance of the adoption agreement. See *Thomas v. Crawford,* 228 Ga. 34 (183 SE2d 768) (1971); *Rhodes v. Quantrell,* 227 Ga. 761 (183 SE2d 207) (1971). However, there were no requests for such a charge, and there were no objections to the trial judge's failure to so charge. Under these circumstances, we find no reversible error. See Code Ann. § 70-207; *Pearlman v. Pearlman,* 238 Ga. 259 (2) (232 SE2d 542) (1977) and cits.

4. The trial judge did err in ordering the action instituted by Evelyn consolidated with the action instituted by Elma. Under Code Ann. § 81A-142 (a), a court may order a consolidation of separate actions only if the parties consent. However, this does not require a reversal of the judgment, because, as we have previously stated, the Tattnall Superior Court had jurisdiction and venue over Evelyn on Vondell's counterclaim by reason of Evelyn's being made a co-defendant in Elma's suit.

*Judgment affirmed. All the Justices concur.*

Decided January 20, 1982.

*J. Walter Cowart, Wensley Hobby,* for appellants.

*Thomas B. Clifton, Jr., M. Francis Stubbs.* for appellees.