44851. ANDERSON v. MADDOX et al.
(360 SE2d 590)

GREGORY, Justice.

Earlie Anderson filed a complaint seeking a declaration that he was the virtually adopted son of James Maddox and Annie Mae Maddox in order to share in the distribution of their estates. Summary judgment was granted to defendants below and Anderson appealed. We reverse.

The issue before us is whether there was evidence of an agreement between the natural and adoptive parents sufficient to preclude summary judgment.

The trial court had before it the testimony of Olivia Anderson Gates, the sister of Earlie Anderson's natural father, Reese Anderson. She testified Earlie Anderson was one of 13 children of Ossie and

Reese Anderson. When Reese Anderson died in 1940 Ossie was unable to provide for all her children. Earlie, three years old at the time, and his twin brother were given to James and Annie Mae Maddox. James was a first cousin of Reese Anderson. Earlie lived with the Maddoxes approximately 25 years, even after his marriage. They always referred to him as one of their "children." Olivia Gates was familiar with the circumstances described above and testified she, rather than the Maddoxes, was originally supposed to have acquired Earlie Anderson and his twin brother but received another child instead. When asked why Earlie and his brother went to the Maddox home she testified, "[t]hey went to live with them as (their) children because they — I guess it was a mutual agreement. They (were) going to take them as (their) children and raise them."

In *Williams v. Murray*, 239 Ga. 276 (236 SE2d 624) (1977), we listed the elements required to establish a virtual adoption. The first listed, and only element in issue here, is: " 'Some showing of an agreement between the natural and adoptive parents.' " While the agreement must comprehend and intend an adoption, the use of the word "adopt" is not necessary. In *Herring v. McLemore*, 248 Ga. 808 (286 SE2d 425) (1982), we held evidence that the agreement was for the child to remain in the home of the adopting parent and be treated as his own child was sufficient under the circumstances to support a verdict in favor of virtual adoption. The law does not require technical words or formality in execution of agreements in these cases. It is not necessary that the parties be much acquainted with the law. It is the nature of their intended and agreed upon provision for the child in question which controls. Given all the circumstances here we hold there is sufficient evidence of the required agreement to prevent summary judgment and carry the issue to the factfinder.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 7, 1987.

*Lewis & Taylor, Daniel W. Lee,* for appellant.
*Richard A. Bunn, Roy D. Moultrie, Ben B. Philips,* for appellees.