## S90A0029. LEE v. GURLEY.
### (389 SE2d 233)

BENHAM, Justice.

Appellant Joan Winkler Lee filed a complaint in equity against appellee, the administrator of the estate of Herman Winkler, appellant's deceased uncle, contending that she was entitled to her intestate uncle's entire estate because he had virtually adopted her. This appeal follows the trial court's grant to appellee of a judgment notwithstanding the verdict after a jury found in favor of appellant on

the question of virtual adoption.

1. The elements required to establish a virtual adoption are:

"Some showing of an agreement between the natural and adoptive parents, performance by the natural parents of the child in giving up custody, performance by the child by living in the home of the adoptive parents, partial performance by the foster parents in taking the child into the home and treating it as their child, and the intestacy of the foster parent."

*Williams v. Murray*, 239 Ga. 276 (236 SE2d 624) (1977). The trial court granted the judgment n.o.v. after determining there was no direct evidence of an agreement between the natural and adoptive parents.

Before a recovery based upon an alleged oral contract to adopt will be authorized, proof of such contract must be made out so clearly, strongly and satisfactorily "as to leave no reasonable doubt as to the agreement." [Cits.] [*Rhodes v. Quantrell*, 227 Ga. 761 (183 SE2d 207) (1971).]

Both of appellant's natural parents testified at trial and denied the existence of any agreement between them and the decedent. While there was evidence that appellant's custodial parent gave physical custody of her to her uncle; that she lived with her uncle; and that he stood in the position of a parent to her, evidence of a surrender of a child by its natural parents is not sufficient to prove a contract of adoption. See *Ware v. Martin*, 209 Ga. 29 (2) (70 SE2d 446) (1952). Inasmuch as there was no evidence that the natural and foster parents had entered into an agreement "comprehend[ing] and intend[ing] an adoption . . ." (*Anderson v. Maddox*, 257 Ga. 478, 479 (360 SE2d 590) (1987)), the trial court did not err in entering judgment in favor of appellee notwithstanding the verdict in favor of appellant.

2. In light of the disposition of appellant's first enumeration of error, we need not address appellant's contention that the trial court's grant of appellee's alternative motion for new trial was error.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 14, 1990.

*Fay R. Loggins,* for appellant.
*Edward L. Hartness, Larry Fowler,* for appellee.