## S90A1440. CHAMBERS v. CHAMBERS.
(398 SE2d 200)

FLETCHER, Justice.

Appellant, Pete Carlton Chambers, filed a petition in equity seeking to establish and enforce his right to share in the intestate estate of Ethel Louise Chambers, deceased, contending that the de-

ceased had virtually adopted him and, therefore, appellant was an heir-at-law of the deceased. The petition named both of the natural children of the deceased as defendants. Appellee, Harold Gaines Chambers, was named individually and as administrator of the deceased's estate, while George David Chambers was named individually.

Appellee filed a motion for partial summary judgment accompanied by the affidavit of appellant's natural mother wherein she stated that she had never surrendered her parental rights to appellant, that her parental rights had not been terminated and that she had not given her consent for the deceased to adopt the appellant.

In response, appellant filed the affidavit of the former director of the Clarke County Department of Public Welfare (now the Department of Family and Children's Services) who had been involved with appellant's situation since his infancy. In her affidavit, the former director stated that appellant's natural mother, who at the time of appellant's birth was in a mental institution, had given her consent that a certain Jones County couple, who desired to adopt appellant, be allowed to do so. However, upon discovering that the wife of the couple was terminally ill, the couple turned appellant over to the Jones County Department of Public Welfare. When it was learned that the natural mother of appellant had been a resident of Clarke County prior to her institutionalization, officials of the Jones County Department notified affiant to come and get appellant. Affiant did so and appellant was eventually placed in the home of the deceased, who raised appellant from infancy, calling him Pete Carlton Chambers rather than by his given name.

In 1978, a petition was filed in the Clarke County Superior Court seeking to have appellant's name legally changed to Pete Carlton Chambers. The petition specifically stated that the deceased was not adopting appellant. Apparently had the deceased adopted appellant, the deceased would no longer have been eligible to receive a stipend from the Clarke County Department of Family and Children's Services for being appellant's foster parent.

The trial court granted summary judgment to appellee, individually and in his capacity as administrator of the estate of the deceased. Appellant appeals and we affirm.

We sympathize with appellant's plight: born to a woman he has never known while she was confined to a mental institution, placed in the home of the deceased, raised along with the deceased's natural children and even given a new name by the deceased. Yet the fact remains that appellant has not made out a case for virtual adoption.

To establish a cause of action for virtual or equitable adoption in Georgia, one must make

"some showing of an agreement between the natural and adoptive parents, performance by the natural parents of the child in giving up custody, performance by the child by living in the home of the adoptive parents, partial performance by the foster parents in taking the child into the home and treating [it] as their child, and . . . the intestacy of the foster parent."

*Williams v. Murray*, 239 Ga. 276 (236 SE2d 624) (1977), quoting from *Habecker v. Young*, 474 F2d 1229, 1230 (5th Cir. 1973). See also *Rhodes v. Quantrell*, 227 Ga. 761 (183 SE2d 207) (1971).

Appellant has failed to show that there was an agreement between his natural mother and the deceased. He has also failed to show that there was performance by his natural mother in giving up custody. His natural mother's affidavit specifically states that she did not consent to the deceased's adopting the appellant, that there was no agreement between her and the deceased for the purpose of carrying out an adoption, and that she received no compensation for an adoption by the deceased of the appellant.

The record contains no proof concerning any official acts taken to terminate the parental rights of appellant's natural mother; nor is there anything in the record to demonstrate that his natural mother gave her permission for an adoption of appellant or for a surrender of custody of appellant to either the Jones County Department of Public Welfare, the Clarke County Department of Public Welfare, the State Department of Public Welfare, or any other state or local agency.

As a result, we hold that the trial court did not err in granting partial summary judgment in favor of the appellee.

*Judgment affirmed. All the Justices concur, except Smith, P. J., and Weltner, J., who dissent.*

WELTNER, Justice, dissenting.

I dissent for the reasons enunciated in *Prince v. Black*, 256 Ga. 79 (344 SE2d 411) (1986).

I am authorized to state that Presiding Justice Smith joins in this dissent.

DECIDED DECEMBER 4, 1990.

*Nicholson, McArthur & Carney, John Jay McArthur*, for appellant.

*James Wilson Smith*, for appellee.