### S92A0148. BOWENS v. HOLMES et al.
(415 SE2d 632)

WELTNER, Presiding Justice.

We granted this discretionary application to determine whether the trial court erred in granting a motion in limine to exclude testimony of transactions or communications with a deceased person.

1. The dispute in this case concerns real property titled in the name of the deceased person. The sister of the deceased sought to introduce testimony of an implied trust, based upon a transaction alleged to have been undertaken with the deceased in 1978. The daughter of the deceased claimed title as the sole heir.

2. The following authorities control:
(a) OCGA § 24-9-1 (b) provides:

This Code section, as revised by an Act approved April 17, 1979 (Ga. Laws 1979, p. 1261), shall apply to transactions or occurrences which take place on or after July 1, 1979, and this Code section, as it existed prior to July 1, 1979, shall apply to transactions or occurrences which took place prior to July 1, 1979.

(b) Prior to July 1, 1979, former Code Ann. § 38-1603 provided, in part:

"Where any suit shall be instituted or defended . . . by an . . . assignee, or transferee . . . of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . . deceased person as to transactions or communications with such . . . deceased." [Cited in *Martin v. Smith*, 211 Ga. 600, 604 (87 SE2d 406) (1955).]

(c) In *Lifsey v. Mims*, 193 Ga. 780 (20 SE2d 32) (1942), we held:

[It was not] erroneous, under the Code § 38-1603 (1), to permit one of the plaintiffs to testify as to communications with [the deceased] grantor, there being no such party defendant that the witness was rendered incompetent as an "opposite party" within the purview of that section. [The "party defendant" was the son and sole heir at law of the deceased grantor.] [Id. at 781, hn. (2).]

Stated differently, the testimony on behalf of the sister was not "against the deceased" (i.e., against the interest of the *estate* of the deceased) so as to require its exclusion under the statute.
The testimony should have been admitted.
*Judgment reversed. All the Justices concur.*

DECIDED APRIL 23, 1992.

*David H. Fritts,* for appellant.
*M. Ross Becton, Jr., Roberson & Schmidt, David Roberson,* for appellees.