S93A1313, S93A1314. DAVIS et al. v. BENNETT et al.;
and vice versa.
(438 SE2d 73)

FLETCHER, Justice.

These appeals arise from a jury verdict finding appellees/appellants George W. Bennett and Minnie Lee (Bennett) White (the "Bennetts") to be the virtually adopted children of their stepfather, Steve Davis. Steve Davis and Willie Belle Bennett, the Bennetts' natural mother, were married in 1926[1] and remained married until her death in 1967. Sometime in the 1940s, a six-acre tract of land was purchased on which they built their family home. Title to the land was placed in Steve Davis' name.

After Willie's death, Steve married appellant/appellee Pearl Davis and continued to live on the property. Steve died intestate in 1989. Shortly thereafter, George Bennett met with Pearl Davis and asked that she give one acre of the property to both himself and his sister, Minnie White. This request was refused and the Bennetts filed a complaint in February 1991 seeking to impose a trust on the property in their favor and a partition of the property according to the laws of equity. In September 1992, two days before the start of trial, the Bennetts amended their complaint to include a claim to invalidate the award of a year's support to Pearl Davis which included the real estate at issue. At trial, however, the Bennetts' primary theory for recovery was that they were the virtually adopted children of Steve Davis and were entitled to a portion of his estate in accordance with the intestacy laws. At the close of evidence, the trial court submitted only the issue of virtual adoption to the jury.

After the jury returned its verdict finding the Bennetts to be the virtually adopted children of Steve Davis, the parties moved for judgments notwithstanding the verdict on various procedural and substantive grounds. The court denied all such motions and these appeals followed.

1. Although the parties raise several enumerations of error in

---

[1] The Bennetts' natural father died prior to their mother's remarriage.

their appeals, we find only one to have merit. In Case No. S93A1313, Pearl Davis contends that there was insufficient evidence to support the jury's finding that the Bennetts are the virtually adopted children of Steve Davis. We have carefully reviewed the record and find that there was no evidence of an agreement to adopt between Steve Davis and Willie Bennett Davis.

2. To sustain a verdict finding virtual or equitable adoption, the evidence must establish the existence of a definite and specific contract to adopt based upon sufficient legal consideration. *Williams v. Murray*, 239 Ga. 276 (236 SE2d 624) (1977); *Lee v. Green*, 217 Ga. 860 (126 SE2d 417) (1962). The evidence presented at trial relating to the Bennetts' claim that Steve Davis contracted to adopt them as his own children consisted of nothing more than their testimony that they considered Steve Davis to be their father and that Minnie White cared for Davis during a period when he was ill. No evidence was presented of an agreement between Willie Bennett Davis and Steve Davis comprehending or intending an adoption, and the Bennetts both testified that they never talked with either Steve Davis or their mother about an adoption. Although there was evidence that Pearl Davis listed the Bennetts as the children of Steve Davis in his obituary, this characterization does not establish the existence of a contract to adopt and is independent from the Bennetts' burden of proving a definite and specific contract to adopt.

Inasmuch as there was no evidence from which the jury could find a contract to adopt and there was no evidence of the consideration necessary to prove a virtual adoption by a stepparent, we find the court erred in denying Pearl Davis' motion for judgment notwithstanding the verdict on this ground. See *Ware v. Martin*, 209 Ga. 135, 137-138 (70 SE2d 759) (1952) (evidence that child was raised by testatrix and that testatrix referred to the child as her "daughter" was insufficient to prove a contract to adopt); *Lee v. Green*, 217 Ga. 860, 860-861 (126 SE2d 417) (1962) and *Taylor v. Boles*, 191 Ga. 591 (13 SE2d 352) (1941) (changed domestic status and filial affection bestowed by the child may be sufficient consideration in certain virtual adoption cases but will not necessarily be so where the adopting parent is a stepparent).

3. After a review of the pleadings and the evidence in Case No. S93A1314, we find no reversible error.

4. In light of our holdings in Divisions 1-3, we need not address the remaining enumerations of error in Case No. S93A1313.

*Judgment affirmed in Case No. S93A1314 and reversed in Case No. S93A1313. All the Justices concur.*

DECIDED JANUARY 10, 1994.

*Lawrence E. Maioriello,* for appellants.
*Nimmons & Malchow, Kenneth M. Nimmons, Leland M. Malchow,* for appellees.