## S96A1332. WILLIS v. KENNEDY et al.
(476 SE2d 246)

HUNSTEIN, Justice.

Appellant, Diane Willis, filed a complaint against Dana Kennedy, the niece of the deceased, Jesse Cox, and the natural children of Cox. In her complaint, appellant contends she is the virtually adopted daughter of Cox and, therefore, entitled to share in the proceeds of his estate. Appellant also sought to set aside Cox's 1991 will, which specifically excluded her from sharing in his estate, and to cancel a 1993 deed conveying a tract of land owned by Cox to his natural children. After hearing the evidence, the trial court granted appellees' motion for directed verdict as to the claim of virtual adoption and denied appellant's motion for directed verdict to cancel the 1993 deed. Appellant appeals and we affirm.

1. Appellant complains that the trial court erred in excluding from evidence testimony about a 1967 conversation between appellant, her mother, and Cox during which they allegedly discussed the possibility of Cox adopting appellant.[1] In excluding the testimony, the trial court relied on former Code Ann. § 38-1603,[2] Georgia's Dead Man's Statute, which renders inadmissible in actions against a person since deceased evidence of transactions or communications with the deceased person.[3] Because appellant's claim is "against the interest" of Cox (i.e., against the interest of his estate), we find the trial court properly excluded from evidence statements made in the 1967 conversation. See *Bowens v. Holmes*, 262 Ga. 179, 180 (415 SE2d 632) (1992) (testimony is inadmissible under former Code Ann. § 38-1603 if " 'against the deceased' (i.e., against the interest of the estate of the deceased)"); *Wilson v. Nichols*, 253 Ga. 84, 85 (316 SE2d 752) (1984) (excluding testimony of deceased's promise to make will in action against estate); *Thompson v. Riggs*, 193 Ga. 632, 636 (19 SE2d 299) (1942) (plaintiff claiming to be virtually adopted child of deceased incompetent under Code Ann. § 38-1603 to testify regarding conversations with deceased).

We also reject appellant's argument that the testimony was admissible under the exceptions to the hearsay rule created by

---

[1] Appellant testified in her proffer that in response to a statement by her mother that Cox might wish to adopt appellant, appellant stated she did not want to be adopted because she wanted to keep the name of her natural father.

[2] Former Code Ann. § 38-1603 was amended in 1979. See OCGA § 24-9-1 (b). Pursuant to subsection (b), however, the former Code section applies to transactions or occurrences taking place prior to July 1, 1979.

[3] Former Code Ann. § 38-1603 provided, in pertinent part:
Where any suit shall be instituted or defended . . . by an . . . assignee, or transferee . . . of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . . deceased person as to transactions or communications with such . . . deceased.

OCGA § 24-3-9 (declarations of deceased persons as to ancient rights) and OCGA § 24-3-12 (declarations of deceased persons as to pedigree). Former Code Ann. § 38-1603 renders a witness incompetent to testify regardless of whether the testimony may be admissible under other rules of evidence. See *Prothro v. Walker*, 202 Ga. 71 (2) (42 SE2d 114) (1947); *Sumter County v. Pritchett*, 125 Ga. App. 222 (2) (186 SE2d 798) (1971).

2. Appellant also contends the trial court erred in directing a verdict against her on her claim of virtual adoption. A directed verdict may be granted where the evidence and all reasonable deductions therefrom demand a verdict in the movant's favor. *Aldridge v. Dixie Fire &c. Co.*, 223 Ga. 130 (1) (153 SE2d 723) (1967); *Daniel v. Weeks*, 217 Ga. 388 (122 SE2d 564) (1961). To establish a cause of action for virtual adoption, there must be some evidence to prove the existence of a definite and specific contract to adopt based upon sufficient legal consideration. *Davis v. Bennett*, 263 Ga. 714 (2) (438 SE2d 73) (1994); *Chambers v. Chambers*, 260 Ga. 610, 612 (398 SE2d 200) (1990); *Williams v. Murray*, 239 Ga. 276 (1) (236 SE2d 624) (1977). At trial, appellant presented evidence that over the years Cox had occasionally introduced appellant to others as his daughter, had referred to appellant's child as his granddaughter, and may have referred to appellant as his daughter in a 1969 unexecuted will. Such evidence is not sufficient to allow a jury to find a definite and specific contract to adopt, nor is it sufficient evidence of the consideration necessary to prove a virtual adoption by a stepparent. *Davis v. Bennett*, supra. There being no evidence of a contract to adopt, the directed verdict was properly granted.

3. In light of our holdings in Divisions 1 and 2, we need not address the remaining enumerations of error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 7, 1996.

*Alvin G. Wells, Jr.,* for appellant.
*Hugh J. McCullough,* for appellees.