## S97A1463. FRANKLIN et al. v. GILCHRIST.
### (491 SE2d 361)

CARLEY, Justice.

Mr. and Mrs. Booker T. Washington were married in 1961. Mrs. Washington's first marriage had ended in divorce and she was awarded custody of her then-minor children, Napoleon and Hershey Franklin. The Franklins lived with their mother and Mr. Washington. There were no children born as issue of the marriage between

---

Mr. and Mrs. Washington. Although it is undisputed that Mr. Washington was a very good step-father to the Franklins, he never formally adopted them. The Franklins kept their natural father's surname, but saw him only rarely before his death. Mrs. Washington predeceased her husband and, when Mr. Washington died, he left no will. Mr. Washington's sister, Dorothy Gilchrist, applied to the probate court for appointment as administratrix of his estate. The Franklins filed a caveat, asserting that they, as the virtually adopted children of Mr. Washington, were entitled to inherit his entire estate and that one of them should be named administrator. The probate court denied the Franklins' caveat and appointed Ms. Gilchrist as administratrix. The Franklins appealed to the superior court, where a jury trial was held. At the close of the Franklins' evidence, the superior court granted Mrs. Gilchrist's motion for a directed verdict on the ground that there was insufficient evidence of an agreement to adopt. The Franklins appeal from the judgment entered in favor of Ms. Gilchrist.

An essential element of a virtual adoption claim is the existence of an adoption agreement between persons who were competent to contract for the disposition of the child. *Welch v. Welch*, 265 Ga. 89 (453 SE2d 445) (1995); *O'Neal v. Wilkes*, 263 Ga. 850, 851 (1) (439 SE2d 490) (1994). The Franklins introduced no evidence to show that their natural father ever agreed to their adoption by Mr. Washington and no evidence to account for the failure to obtain their natural father's agreement prior to his death. See *Williams v. Murray*, 239 Ga. 276 (236 SE2d 624) (1977). Compare *Anderson v. Maddox*, 257 Ga. 478 (360 SE2d 590) (1987) (wherein the children's father was dead at time of the adoption agreement between their mother and the cousin of their deceased father). Likewise, there was no evidence of any agreement between the Franklins' mother and Mr. Washington for their adoption. At most, the evidence shows that the Franklins came to live with Mr. Washington because they were his wife's children and she was the custodial parent.

> [W]hat might present a good case of equitable or virtual adoption against a person standing as a stranger to the child might not be so as against a person who, independently of the contract to adopt, assumed, by virtue of his marriage to the mother of the child, the very domestic relation which had been held in all other cases to give to the child an equitable status in reference to the adoption agreement.

*Taylor v. Boles*, 191 Ga. 591, 596 (13 SE2d 352) (1941). Compare *Anderson v. Maddox*, supra at 479 (wherein the children "were given" by their mother to the cousin of their deceased father who accepted

them as his own children). There is no evidence to authorize a finding that Mr. Washington ever agreed to become the Franklins' adoptive father and the trial court correctly granted a directed verdict in favor of Ms. Gilchrist. *Davis v. Bennett*, 263 Ga. 714, 715 (2) (438 SE2d 73) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 14, 1997.

*Jack E. Boone, Jr.,* for appellants.
*Howard S. Bush,* for appellee.