S03A1310. HULSEY v. CARTER et al.
(588 SE2d 717)

SEARS, Presiding Justice.

Appellant Tommie Jean Hulsey filed a petition to determine heirs in the superior court, seeking a declaration that she is the virtually adopted daughter of the decedent, Frank Carson, and therefore is entitled to share in the distribution of Carson's estate. Hulsey appeals the trial court's grant of summary judgment in favor of appellees, Nelda Jean Carter and Janie Carter Ray. Having reviewed the record, we conclude that appellant failed to establish the requisite criteria for a case of virtual adoption. Therefore, we affirm.

When the marriage between appellant's natural mother and father ended in divorce, appellant's mother was awarded custody of the two minor children. Several years later, when appellant was 13

and her sister was 11, appellant's mother married Carson. The evidence indicates that after the marriage, Carson, his wife and her two daughters lived together as a family unit. The evidence also indicates that Carson was a very good stepfather to appellant and her sister. However, Carson never formally adopted either girl. Evidence of record shows that until their respective marriages, appellant and her sister kept their natural father's surname, Lewis. While appellant appears to have had a close relationship with Carson, she also maintained at least some contact with her natural father until his death in 1969, and she continues today to have close contact with his extended family. Appellant also listed her natural father as her father on documents such as her passport and marriage license.

Carson died intestate in 1998. Thereafter, petitions were filed by three different individuals seeking to be declared administrator of Carson's estate; appellant was not among them. The probate court appointed appellees, Carson's nieces, as administrators. Appellant then filed a petition to determine heirs, claiming that under Georgia's law of virtual adoption, she was Carson's daughter and an heir to his estate. Appellees filed a motion for summary judgment in opposition to the petition, which was granted after a hearing.

1. In virtual adoption cases, a contract for adoption must be proven by clear and compelling evidence[1] and "the first essential element of a contract for adoption is that it be made between persons competent to contract for the disposition of the child."[2] In this particular case, this required appellant to establish an agreement between her natural parents and her putative adoptive father, Carson.[3]

However, there is no evidence of record that appellant's natural father ever agreed to her adoption by Carson. Nor did appellant introduce any evidence to account for her natural father's failure to consent to her adoption by Carson.[4] To the contrary, the evidence, when viewed as a whole, shows only that appellant and her sister came to live with Carson because they were his wife's children and she was the custodial parent, and that close bonds developed between Carson and appellant.

Appellant points to evidence indicating that (1) after she married Carson, appellant's natural mother told her that Carson would henceforth be her father, and (2) that Carson told two relatives he intended to adopt appellant and her sister. This, however, does not establish a contract for adoption made between those persons who

---

[1] *Rhodes v. Quantrell*, 227 Ga. 761 (183 SE2d 207) (1971).

[2] *O'Neal v. Wilkes*, 263 Ga. 850, 851 (1) (439 SE2d 490) (1994). See *Franklin v. Gilchrist*, 268 Ga. 497 (491 SE2d 361) (1997); *Welch v. Welch*, 265 Ga. 89 (453 SE2d 445) (1995).

[3] See *Williams v. Murray*, 239 Ga. 276 (236 SE2d 624) (1977); *Welch*, 265 Ga. at 91 (Carley, J., dissenting).

[4] See *Franklin*, 268 Ga. at 498.

were competent to contract for the disposition of appellant when she was a child. It is true that a natural mother alone may contract for virtual adoption when it is shown that the natural father is dead, has lost parental control, has abandoned his child or has acquiesced.[5] Appellant concedes, however, that she maintained at least minimal contact with her natural father until his death in 1969, when she was approximately 28 years old, and that she continues to this day to maintain close contacts with his extended family. Accordingly, the trial court did not err by rejecting appellant's claim that her natural father abandoned her or (alternatively) acquiesced to her adoption by Carson and in concluding that under the facts of this case, appellant's mother could not, acting alone, have contracted for appellant's adoption by Carson.

Because there is no evidence to authorize a finding of an agreement between appellant's natural father, natural mother, and Carson to permit appellant's adoption by the latter, appellant has failed to establish the first element necessary to establish a claim of virtual adoption. There being no disputed issue of material fact on this point, we conclude the trial court correctly granted summary judgment in favor of appellees.

2. Because of our ruling in Division 1, we need not address appellees' contention that appellant's petition to determine heirs is barred by principles of res judicata.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.

*Jack J. Helms, Jr., James D. Hudson,* for appellant.
*J. Alexander Johnson, Sophia L. Cason,* for appellees.