A06A1498. WALDEN v. BURKE et al.
(637 SE2d 859)

MILLER, Judge.

Rhonda Walden filed a complaint for declaratory judgment against Annie Ruth Burke, as administratrix of the estate of Evelyn J. Lockhart (the "decedent"), seeking a declaration of heirship. Walden alleged that when she was one and one-half years old, her natural parents entered into a contract with the decedent, her father's aunt, to adopt her; and, that pursuant to the contract, she moved from the residence of her natural parents to the decedent's residence where she lived with the decedent and her husband (the "Lockharts") as she grew up. Burke timely answered and moved for summary judgment. On appeal, Walden contends that the trial court's grant of summary judgment for Burke was error, arguing (i) that she had been virtually adopted by the Lockharts, and (ii) that her natural father's affidavit

to the contrary was not credible since he stood to gain financially upon the outcome of the litigation. Because Walden failed to come forward with evidence showing a definite and specific agreement or contract to adopt between the Lockharts and her natural parents, we disagree and affirm.

> On appeal from a grant of summary judgment, we conduct a de novo review, and we view the evidence and the inferences drawn from it in the light most favorable to the nonmoving party. A defendant demonstrates entitlement to summary judgment by showing that the record lacks evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact.

(Citations omitted.) *O'Connell v. Cora Bett Thomas Realty, Inc.*, 254 Ga. App. 311 (563 SE2d 167) (2002).

It is undisputed in the record that during the years Walden lived with the decedent, both the decedent and her husband, who died in 1977, acted as good parents would have to Walden. The Lockharts provided her a religious upbringing, loved and supported her emotionally and financially, and provided her with a good education, even assisting her financially through college. Viewed in the light most favorable to Walden, however, there is no evidence that Walden's natural parents and the decedent specifically agreed, contracted, or consented to Walden's adoption by the decedent. In this regard, Walden's natural father gave testimony by affidavit, corroborated by the affidavit of his sister, that he had never agreed to any such adoption. In opposition to summary judgment, Walden failed to come forward with any evidence to the contrary, and in her appellate brief, she states that her natural mother lacked the mental capacity to agree or testify. See, e.g., *Willis v. Kennedy*, 267 Ga. 165, 166 (2) (476 SE2d 246) (1996) (decedent's references to Walden as her "daughter" insufficient to establish virtual adoption).

1. Walden contends that this Court may infer virtual adoption. We disagree.

Among other things, a successful virtual adoption claim requires some showing of a contract to adopt between the natural and adoptive parents. *Hulsey v. Carter*, 277 Ga. 321, 322 (1) (588 SE2d 717) (2003). The "first essential of a contract for adoption is that it be made between persons competent to contract for the disposition of the child." (Citations omitted.) *O'Neal v. Wilkes*, 263 Ga. 850, 851 (1) (439

SE2d 490) (1994). Walden properly does not contend that her natural mother was competent to enter into such an agreement. Neither is there any evidence showing that Walden's natural father ever entered into a specific contract contemplating her adoption by the decedent. "To establish a cause of action for virtual adoption, there [also] must be some evidence to prove the existence of a definite and specific contract to adopt based on sufficient legal consideration." (Citations omitted.) *Willis*, supra, 267 Ga. at 166 (2).

There being no evidence of a contract to adopt sufficient to establish a claim of virtual adoption, the trial court correctly granted Burke's motion for summary judgment. *O'Connell*, supra, 254 Ga. App. at 311.

2. Walden's claim that her natural father's affidavit is not credible on summary judgment because of his interest in the outcome of the case asks that this Court weigh its credibility. This we are not authorized to do. "[A]ffidavit testimony must speak for itself. On summary judgment it is inappropriate for this Court to weigh evidence or determine its credibility." *Bearden v. Bearden*, 231 Ga. App. 182, 184 (499 SE2d 359) (1998).

Accordingly, the trial court's grant of summary judgment to Burke was not error based on Walden's claim of a conflict of interest as to her natural father. *O'Connell*, supra, 254 Ga. App. at 311; *Bearden*, supra, 231 Ga. App. at 184.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 31, 2006.

*Kelley & Snow, Julia E. Snow*, for appellant.
*Ronald H. Rentz*, for appellees.