S09A0347. MORGAN et al. v. HOWARD.

(678 SE2d 882)

HUNSTEIN, Presiding Justice.

Appellant J. Robert Morgan, in his capacity as the administrator of the estate of W. L. Sheffield,[1] brings this appeal from the judgment entered on the jury's verdict finding that appellee Joe Robert Howard is the virtually adopted son of Sheffield. Finding no reversible error, we affirm.

1. Virtual adoption is an equitable remedy utilized when the conduct of the parties creates an implied adoption without a court order. See *Crawford v. Wilson*, 139 Ga. 654, 658 (78 SE 30) (1913). An appeal in which the substantive issue involves the legality or propriety of a trial court's declaration that a certain individual is or is not the virtually adopted child of a decedent is an action in equity that invokes the jurisdiction of this Court under Art. VI, Sec. VI, Par. III (2) in the Georgia Constitution of 1983. To the extent *Walden v. Burke*, 282 Ga. App. 154 (637 SE2d 859) (2006) may be read as indicating the contrary, it is hereby disapproved.

2. Appellee's parents were competent witnesses regarding statements made to them by the decedent prior to July 1, 1979[2] to prove that the decedent contracted to adopt appellee. *Crawford v. Wilson*, supra, 139 Ga. at 654 (3). Contrary to appellant's argument, nothing in *Willis v. Kennedy*, 267 Ga. 165 (1) (476 SE2d 246) (1996) supports

---

[1] Morgan is also acting in his capacities as the administrator of the estates of Sheffield's deceased brother and half-sister and as the trustee to a deed of trust executed by the deceaseds' father.

[2] Former Code Ann. § 38-1603 (1), Georgia's Dead Man's Statute, renders inadmissible in actions against a person since deceased any evidence by the opposite party in his own favor against the deceased person as to transactions or communications with the deceased person. As amended in 1979, however, this former Code section applies only to transactions or occurrences taking place prior to July 1, 1979. OCGA § 24-9-1 (b).

a contrary holding inasmuch as the evidence properly excluded as incompetent in that case consisted of testimony by a party to the lawsuit regarding conversations that party sought to relate that involved herself, the deceased and the party's mother. See id. at fn. 1.

3. Appellant contends that appellee's testimony at trial that he "wasn't virtually adopted" constituted an admission in judicio that demanded the trial court direct a verdict in appellant's favor. However, a review of the trial transcript establishes that appellee so testified when explaining why he needed to arrange for Sheffield's cousins to give him a power of attorney over Sheffield's medical care when Sheffield was in the hospital during his final illness. Read in context, it thus appears that appellee's testimony was not an "admission in judicio" that estopped him "from showing to the contrary," *Summerlot v. Crain-Daly Volkswagen*, 238 Ga. 546, 547 (1) (233 SE2d 749) (1977), but instead accurately reflected that appellee could not legally be considered virtually adopted prior to Sheffield's death and intestacy. See *Lee v. Gurley*, 260 Ga. 23 (1) (389 SE2d 333) (1990) (intestacy of adoptive parent among elements required to prove virtual adoption). We find no merit in this enumeration.

4. Appellant contends in two enumerations that the trial court erred by denying his motion for a directed verdict on the basis that appellee failed to carry the requisite burden of proof and, in particular, failed to produce any evidence that Sheffield performed any act as a parent in regard to appellee.

> The essential elements of "virtual adoption" are an agreement between the person or persons having custody of the child and the "adopting" parent that the child shall be adopted and a change in the status of the child wherein there is a severance of the actual relationship of parent and child as between the child and the person or persons having custody and the assumption of that relationship between the child and the adopting parent or parents. [Cits.] Before a recovery based upon an alleged oral contract to adopt will be authorized, proof of such contract must be made out so clearly, strongly and satisfactorily "as to leave no reasonable doubt as to the agreement." [Cits.] In addition to proof of the contract, that is, the agreement to adopt, there must be clear and convincing proof of performance in accordance with the terms of the contract. [Cits.]

*Rhodes v. Quantrell*, 227 Ga. 761 (183 SE2d 207) (1971). A careful review of the trial transcript establishes that appellee adduced clear and convincing proof that Sheffield and appellee's parents, who were

the persons competent to contract for appellee's disposition, entered into a definite and specific oral contract for Sheffield to adopt appellee; that appellee moved in with Sheffield around 1976 when appellee was 11 years old; and that appellee and Sheffield maintained the relationship of child and parent until Sheffield's death in 2005. Therefore, we conclude that "[t]he evidence was sufficient to prove the contract to adopt, and virtual adoption thereunder, with the requisite degree of certainty, and it was not error to refuse to direct a verdict for the appellant, nor was it error to enter a judgment on the jury verdict for the appellee." *Handley v. Limbaugh*, 224 Ga. 408, 412 (2) (162 SE2d 400) (1968).

5. Assuming, arguendo, that the trial court abused its discretion by allowing into evidence, in violation of OCGA § 24-3-31 (3), a memo containing an alleged admission appellant made before his qualification as the administrator of Sheffield's estate, that error was harmless in light of the clear and convincing evidence appellee introduced to establish the elements of his virtual adoption by Sheffield. See Division 4, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 8, 2009.

*Clyde M. Urquhart*, for appellants.
*Brinson, Askew, Berry, Seigler & Richardson, C. King Askew, Mark M. J. Webb*, for appellee.